T. H. YANCEY, L. H. YANCEY AND W. T. YANCEY, JR., EXECU-
TORS OF W. T. YANCEY, DECEASED v. LOUISE H. WATKINS,
WIDOW, EXECUTRIX OF THE ESTATE OF G. B. WATKINS,
AND INDIVIDUALLY

No. 739SC175

(Filed 14 March 1973)

1. Vendor and Purchaser § 2— option to purchase — reasonable time to
act

Where an option or contract to purchase land does not specify
the time within which the right to buy may be exercised, the right
must be exercised within a reasonable time.

2. Limitation of Actions § 18— bar of statute of limitation — mixed
question of fact and law

Ordinarily, the bar of the statute of limitations is a mixed ques-
tion of law and fact, but where the bar is properly pleaded and all
the facts with reference thereto are admitted, the question of limi-
tations becomes a matter of law.

3. Vendor and Purchaser § 2— reasonable time — question of law under
certain conditions

Though the determination of reasonable time is generally a mixed
question of law and fact and thus for the jury, it becomes a question
of law when facts are simple and admitted and only one inference
can be drawn.

4. Vendor and Purchaser § 2— option to purchase — tender of payment
after 45 years — jury question as to reasonable time

Where plaintiff was given the option to purchase an interest in
land by contract of 5 November 1924 but no time within which to act
was specified, a jury question as to whether he acted within a reason-
able time was presented by evidence of his tender of purchase money
on 10 February 1969 together with evidence of actions of the parties
during the interim with respect to payment of the property taxes,
cost of a survey and listing of the property as an asset of one of the
parties' estates.

5. Judgments § 35— identity of parties and subject matter — no identity
of issues — res judicata inapplicable

Where the issues in two actions involving plaintiff's interest in a
parcel of land were different, the doctrine of res judicata did not oper-
ate to bar the subsequent action, though there may have been identity
of parties and subject matter in the two actions.

APPEAL by defendant from McKinnon, Judge, 9 October
1972 Session of GRANVILLE Superior Court.

This civil action was instituted on 7 March 1969 by W. T.
Yancey, original plaintiff, seeking specific performance of a

contract allegedly made by R. C. Watkins to convey one-third interest in a tract of land. R. C. Watkins died in 1943 and G. B. Watkins, his son, qualified as administrator of the estate. G. B. Watkins died in 1967 and this action was brought against his widow, Louise H. Watkins, individually and as executrix of the G. B. Watkins estate. After this action was instituted W. T. Yancey died and his executors were substituted as parties plaintiff.

Appeal in a former action between W. T. Yancey and defendant herein and others was before this court at the Fall Session 1968. That action began as a special proceeding in which W. T. Yancey alleged he was the owner of one-third interest in the lands in question and asked that the land be sold for partition. Defendants therein filed answer denying W. T. Yancey's title. Following a trial in superior court, judgment of involuntary nonsuit was entered and by opinion reported in 2 N.C. App. 672, 163 S.E. 2d 625, cert. den. 275 N.C. 139, we affirmed the judgment.

An appeal in the present action was before this court at the Spring Session 1971. In an opinion reported in 12 N. C. App. 140, 182 S.E. 2d 605, we vacated a judgment in favor of defendant entered on the pleadings and remanded the action to superior court for further proceedings.

Admissions in the pleadings and evidence favorable to plaintiffs tended to show:

By duly recorded deed dated 3 November 1924, R. C. Watkins took title to the 178 acre tract of timber land in question. By duly recorded deed dated 27 September 1939, R. C. Watkins and wife and N. C. Morton and others (heirs at law of S. V. Morton, deceased) conveyed one-third interest in said land to Bessie C. Morton. The deed to Bessie C. Morton contains the following proviso: " * * * Whereas, on the 5th day of November, 1924, R. C. Watkins purchased the land hereinafter described, and by a written contract agreed to convey to S. V. Morton and W. T. Yancey a one-third interest each in said land, upon payment by each of them of $314.50; AND WHEREAS, S. V. Morton, in his lifetime, paid said sum to R. C. Watkins, but never procured a deed for his interest in said land; . . . . "

During his lifetime R. C. Watkins listed the land for taxes in the names of Bessie Morton, R. C. Watkins and W. T. Yancey.

R. C. Watkins and W. T. Yancey jointly purchased, owned, and sold numerous parcels of real estate. R. C. Watkins died intestate in 1943, survived by his widow and one son, G. B. Watkins; the widow died in 1944. G. B. Watkins qualified as administrator of his father's estate and in his inventory of assets of the estate listed one-third interest in the subject property with Bessie C. Morton and W. T. Yancey as the other owners. Thereafter, G. B. Watkins listed the property for taxes under the names of "Watkins, Morton and Yancey." The land was surveyed in 1966 and the cost of the survey was paid in equal shares by G. B. Watkins, E. A. Morton and W. T. Yancey. Ad valorem taxes were paid by said persons in equal shares. G. B. Watkins died on 3 January 1967 and defendant Louise H. Watkins qualified as executrix of his estate on 12 January 1967.

On 29 September 1967 W. T. Yancey and wife instituted the partition proceeding above mentioned. Pending the litigation in that cause the parties thereto agreed that the land would be sold and that one-third of the proceeds (the portion claimed by Yancey) would be retained by the court until the rightful owner could be determined. At a judicial sale defendant Louise H. Watkins, individually, purchased the land for $24,100.00.

On 10 February 1969 following the termination of the former action, W. T. Yancey tendered to Louise H. Watkins, as executrix of the G. B. Watkins estate, the sum of $314.50 pursuant to the alleged contract between R. C. Watkins and W. T. Yancey and demanded conveyance of one-third interest in the subject property. The tender was refused.

In the complaint plaintiffs asked for specific performance of the contract, or, alternatively, for damages for breach of the contract in amount of $7,440.49 representing one-third of the net proceeds of the sale of the land.

At trial plaintiffs proceeded on the contention that the written contract from R. C. Watkins to W. T. Yancey was lost or misplaced. They introduced testimony of Bessie C. Morton relating to the contract. The trial judge ruled that due to the participation of W. T. Yancey in the former action, plaintiffs were not entitled to specific performance in this action but were entitled to go to the jury on the question of breach of contract.

Issues were submitted to and answered by the jury as follows:

"1. Was there a valid and subsisting contract between R. C. Watkins and W. T. Yancey under the terms of which W. T. Yancey was entitled to obtain a deed to a 1/3 interest in the land described in the complaint upon payment of the sum of $314.50 to the said R. C. Watkins?

Answer: Yes

"2. Is the Estate of the said W. T. Yancey entitled to enforce said contract against the defendants?

Answer: Yes

"3. Is the plaintiffs' action barred by the three-year statute of limitations?

Answer: No

"4. If the Estate of W. T. Yancey is entitled to damages for breach of contract, in what amount?

Answer: $6,503"

From judgment predicated on the verdict, defendant appealed.

*Royster & Royster by T. S. Royster, Jr., and Perry, Kittrell, Blackburn & Blackburn by Charles F. Blackburn for plaintiff appellees.*

*Watkins, Edmundson & Wilkinson by Charles Wilkinson and Banzet and Banzet by Frank Banzet for defendant appellant.*

BRITT, Judge.

Defendant contends first that this action as a matter of law is barred by the three years statute of limitations which statute she properly pleaded. We disagree.

[1] An agreement to sell or purchase real property is governed by the general law of contracts. 7 Strong, N. C. Index 2d, Vendor and Purchaser, § 1, p. 489. "Where an option or contract to purchase does not specify the time within which the right to buy may be exercised, the right must be exercised within a reasonable time." *Ibid*, § 2, p. 492.

In *Lewis v. Allred,* 249 N.C. 486, 106 S.E. 2d 689 (1959), Denny, J. (later C.J.) quoting from 49 Am. Jur., Statute of Frauds, § 356, p. 667 said:

> " 'A memorandum of an agreement for the sale of land is not necessarily insufficient to satisfy the requirements of the statute of frauds because the time for performance is not stated therein. In case of an executory contract of sale, where the time for the execution of the conveyance or transfer is not limited, the law implies that it is to be done within a reasonable time, and the failure to incorporate in the memorandum such a statement does not render it insufficient. * * * ' "

[2] Ordinarily, the bar of the statute of limitations is a mixed question of law and fact. But where the law is properly pleaded and *all the facts with reference thereto are admitted* the question of limitations becomes a matter of law. *Poultry Co. v. Oil Co.,* 272 N.C. 16, 157 S.E. 2d 693 (1967) ; *Mobley v. Broome,* 248 N.C. 54, 102 S.E. 2d 407 (1958).

In *Etheridge v. R. R.,* 209 N.C. 326, 183 S.E. 539 (1936), we find:

> While it is a maxim of English law that "how long a 'reasonable time' ought to be is not defined in law, but is left with the discretion of the judge" (Coke Litt. 50), this applies only where the facts are admitted, or clearly proved, and "Where the question of reasonable time is a debatable one, it must be referred to the jury for decision." Hoke, J., in *Holden v. Royall,* 169 N.C., 676 (678), said: "And, in this State, authority is to the effect that, where this question of reasonable time is a debatable one, it must be referred to the jury for decision. (Citations.)

In *Trust Co. v. Insurance Co.,* 199 N.C. 465, 154 S.E. 743 (1930), we find:

> " * * * If no time for the performance of an obligation is agreed upon by the parties, then the law prescribes that the act must be performed within a reasonable time. Reasonable time is generally conceived to be a mixed question of law and fact. 'If, from the admitted facts, the court can draw the conclusion as to whether the time is reasonable or unreasonable by applying to them a legal principle or a rule of law, then the question is one of law. But if differ-

ent inferences may be drawn, or the circumstances are numerous and complicated, and such that a definite legal rule cannot be applied to them, then the matter should be submitted to the jury. It is only when the facts are undisputed and different inferences cannot be reasonably drawn from them, that the question ever becomes one of law.' (Citations.)"

In *Claus v. Lee*, 140 N.C. 552, 53 S.E. 433 (1906), the court said:

"* * *The result of our examination leads us to the conclusion that what is 'reasonable time' is generally a mixed question of law and fact, not only where the evidence is conflicting, but even in some cases where the facts are not disputed; and the matter should be decided by the jury upon proper instructions on the particular circumstances of each case. (Citations.)"

[3] While supporting the principle that determination of "reasonable time" is generally a mixed question of law and fact and thus for the jury, there are cases which hold that *when facts are simple and admitted and only one inference can be drawn*, the determination of "reasonable time" is a question of law. See *Colt v. Kimball*, 190 N.C. 169, 129 S.E. 406 (1925); *Huff v. R. R.*, 171 N.C. 203, 88 S.E. 344 (1916); and *Holden v. Royall*, 169 N.C. 676, 86 S.E. 583 (1915).

[4] Applying the quoted principles to the case at bar, it is obvious that all the facts with respect to the statute of limitations were not admitted and that more than one inference could be drawn from the evidence. In this case we think the question of "reasonable time" is a debatable one and was properly submitted to the jury upon instructions to which there was no exception.

[5] Defendant contends that the trial court erred in not sustaining her plea of *res judicata*. We reject this contention.

In *Shaw v. Eaves*, 262 N.C. 656, 661, 138 S.E. 2d 520 (1964), in an opinion by Clifton L. Moore, J., we find:

"* * * In order for a judgment to constitute *res judicata* in a subsequent action there must be identity of parties, subject matter, issues and relief demanded, and it is required further that the estoppel be mutual. *Light Co. v.*

Yancey v. Watkins

*Insurance Co.*, 238 N.C. 679, 79 S.E. 2d 167; *Stansel v. McIntyre*, 237 N.C. 148, 74 S.E. 2d 345; *Cameron v. Cameron*, 235 N.C. 82, 68 S.E. 2d 796; *Leary v. Land Bank*, 215 N.C. 501, 2 S.E. 2d 570. In order for a party to be barred by the doctrine of *res judicata*, it is necessary not only that he should have had an opportunity for a hearing but also that the identical question must have been considered and determined adversely to him. *Crosland-Cullen Co. v. Crosland*, 249 N.C. 167, 105 S.E. 2d 655. * * * "

Relating the instant case to the former action, while there might have been identity of parties and subject matter, the issues and relief demanded in the two actions are different and the principal questions presented by the present action were not considered and determined adversely to plaintiffs in the former action. The former action presented the question as to whether W. T. Yancey was the *owner* of one-third interest in the subject property; the present action submits the questions whether there was a valid and subsisting contract between Watkins and Yancey with reference to one-third interest in the land and, if so, is Yancey entitled to enforce the contract and what amount is Yancey entitled to recover for breach of the contract.

We have carefully considered the other questions presented in defendant's brief but find them to be without merit. We hold that this action was properly submitted to the jury on appropriate issues and that the trial was free from prejudicial error.

No error.

Judges CAMPBELL and GRAHAM concur.