HARRIS & GURGANUS, INC. v. JESSE NOAH WILLIAMS, JR.

No. 772DC821

(Filed 15 August 1978)

1. **Deeds § 21— covenant to build or reconvey—validity**

     It would appear competent for a grantee in a deed of real property to agree either to build upon the property within a specified time or to reconvey the property to the grantor at the end of such time.

2. **Deeds § 18— conditions and covenants in deed—binding effect on grantee**

     A grantee, by acceptance of a deed, becomes bound by conditions and covenants therein even though he did not sign the deed.

3. **Equity § 2— laches—burden of proof**

     Laches is an affirmative defense; the party pleading it bears the burden of proof.

4. **Deeds § 21; Equity § 2.2— specific performance of covenant to reconvey—no laches**

     Plaintiff's action for specific performance of a covenant in a deed to reconvey the land conveyed therein to plaintiff if defendant failed to build on it within a certain time was not barred by laches where plaintiff delayed instituting the action for three years and three months; there was no showing that plaintiff's delay had resulted in a change in condition of the land or in the relations of the parties which would make it unjust to permit prosecution of the suit; defendant had been notified on two occasions of plaintiff's intention to enforce the covenant; the covenant did not specify a time within which the reconveyance was to be accomplished; and there was no showing that the length of the delay was unreasonable.

5. **Equity § 2.2— laches—defendant out of State**

     Plaintiff's delay in instituting suit on a covenant in a deed to build or reconvey cannot be excused on the ground that defendant was absent from the State, since grounds for jurisdiction *in rem* existed pursuant to G.S. 1-75.8.

APPEAL by plaintiff from *Manning, Judge*. Judgment entered 1 September 1977 in District Court, BEAUFORT County. Heard in the Court of Appeals 27 June 1978.

Action by plaintiff seeking specific performance of a "restrictive covenant." By answer and amended answer, defendant pled laches, statutes of limitations, and the statute of frauds. The facts as found by the trial court are undisputed, and a summary follows:

By deed dated 17 March 1971 and recorded 22 March 1971, plaintiff conveyed to defendant, then a resident of Washington, D.C., two adjoining waterfront lots in Bath at a total price of $5,000.00. The deed recited that the conveyance was subject to certain restrictive covenants of record. The "restrictive covenant" which is the subject of this action reads as follows:

### "VIII. TIME OF CONSTRUCTION

Any person purchasing any lots in Section 1 or Section 2 of Springdale Village takes said lot or lots whether it be business or residential property upon the expressed condition that they will initiate construction of the dwelling or business for which lot is purchased within two years from the date of delivery of the Deed thereto and any purchaser further agrees that he will pursue said construction to completion within two years and eight months from the date of delivery of the Deed from the Owner to the Purchaser. In the event the purchaser shall fail to comply with this Restriction, then and in that event he agrees to reconvey the lot or lots to the Owner and the Owner does hereby agree to pay the same price to the Purchaser that the purchaser paid to the Owner provided, however, that the Owner reserves the right unto itself exclusively to enforce the provisions of this restriction and the provisions of this restriction do not run with the land as will hereinafter be provided for all other restrictions or covenants herein."

Defendant was advised of the above covenant during his negotiations with plaintiff for the purchase of the subject property. Defendant signed no instrument referring to the covenant in question or containing any obligation to reconvey to plaintiff the lots in question.

Approximately two years later plaintiff notified defendant by mail at his Washington, D. C. address to comply with the cove-

nant in question. Defendant subsequently moved to Tahiti where plaintiff again mailed correspondence regarding the covenant. Defendant responded to neither communication.

In July 1976, plaintiff learned of defendant's presence in Greenville, N. C. and served upon him the summons and complaint commencing this action.

Based upon its findings of fact, the trial court concluded that plaintiff was guilty of laches in seeking enforcement of the covenant, and thus not entitled to the relief sought.

Plaintiff appealed.

*Wilkinson & Vosburgh, by James R. Vosburgh, for the plaintiff.*

*Frank M. Wooten, Jr. for the defendant.*

BROCK, Chief Judge.

[1, 2] The covenant in question is, in effect, a contract between the parties calling for defendant to reconvey to plaintiff and for plaintiff to repurchase from defendant the lots in question for a specified price upon the failure of the stated conditions. Although there is scant authority dealing with covenants to build or reconvey, it would appear competent for a grantee, in a deed of real property, to agree to reconvey and for the grantor to agree to repurchase. *See* 7 Thompson on Real Property, § 3150, p. 64 (J. Grimes repl. 1962); *Felton v. Grier*, 109 Ga. 320, 35 S.E. 175 (1900). Furthermore, we are not confronted with any questions as to the statute of frauds. A grantee, by acceptance of a deed, becomes bound by conditions, etc., contained therein, even though he has not signed the deed. *Story v. Walcott*, 240 N.C. 622, 83 S.E. 2d 498 (1954); *Williams v. Joines*, 228 N.C. 141, 44 S.E. 2d 738 (1947). The delivery and acceptance of a deed takes covenants contained therein out of the operation of the statute of frauds. 7 Thompson on Real Property, *supra*, § 3150, p. 60.

We agree with the trial court's findings that the covenant in question is governed by the ten-year statute of limitations applicable to contracts under seal, and that the statute of limitations had not, therefore, elapsed prior to the institution of this lawsuit. The question presented by the decision of the district court is whether plaintiff's prayer for specific performance is barred by laches, *i.e.*, plaintiff's delay in bringing this action to enforce the covenant. In our opinion, neither the trial court's find-

ings of fact, nor the evidence presented at trial support the conclusion that plaintiff was guilty of laches or unreasonable delay.

[3] Laches is an affirmative defense; the party pleading it bears the burden of proof. *Taylor v. City of Raleigh,* 290 N.C. 608, 227 S.E. 2d 576 (1976). Laches is fully applicable to parties seeking specific performance of contracts. 71 Am. Jur. 2d, Specific Performance, § 93, pp. 126-127. The concept of laches is variously defined in the cases. *See, e.g., Taylor v. City of Raleigh, supra; McRorie v. Query,* 32 N.C. App. 311, 232 S.E. 2d 312, *cert. denied* 292 N.C. 641 (1977). Further principles applicable to the instant case are as follows:

> "The doctrine of laches may be defined generally as a rule of equity by which equitable relief is denied to one who has been guilty of unconscionable delay, as shown by surrounding facts and circumstances, in seeking that relief. 'Laches' has been defined as such neglect or omission to assert a right, taken in conjunction with lapse of time and other circumstances causing prejudice to an adverse party, as will operate as a bar in equity." 27 Am. Jur. 2d, Equity, § 152, p. 687.

> "Any unreasonable delay or inexcusable negligence on the part of the plaintiff may be sufficient to prevent his procuring a decree in equity for specific performance." 71 Am. Jur. 2d, Specific Performance, § 93, p. 127. However, "delay alone is not enough." *Id.* at § 94, p. 128.

In *McRorie v. Query, supra,* the relative significance of delay was discussed:

> "Lapse of time is not, as in the case when a claim is barred by a statute of limitation, the controlling or most important element to be considered in determining whether laches is available as a defense. The question is primarily whether the delay in acting results in an inequity to the one against whom the claim is asserted based upon '. . . some change in the condition or relations of the property of the parties.' 27 Am. Jur. 2d, Equity, § 163, p. 703. Also to be considered is whether the one against whom the claim is made had knowledge of the claimant's claim and whether the one asserting the claim had knowledge or notice of the defendant's claim and had been afforded the opportunity of instituting an action. *Id.* at § 162, p. 701." 32 N.C. App. at 323, 232 S.E. 2d at 320.

[4]  In the case *sub judice* defendant made no showing sufficient to satisfy the burden of proof on the question of laches. There is neither evidence of nor findings of fact as to any inequity affecting defendant which resulted from plaintiff's delay of three years and three months in instituting suit, with the possible exception of the payment of ad valorem taxes by defendant. There is no finding that plaintiff's delay was without reasonable excuse, nor is there any showing that "lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim. . . . " *Teachey v. Gurley*, 214 N.C. 288, 294, 199 S.E. 83, 88 (1938). Furthermore, returning to the considerations noted in *McRorie v. Query, supra*, there is no showing of lack of knowledge on the part of defendant that plaintiff would assert the right to repurchase the property upon which this lawsuit is based. Instead, as found by the trial court, defendant was notified by mail at his Washington, D. C. address, and later at his Tahiti address, of plaintiff's desire to enforce the covenant in question.

The only findings of fact conceivably supporting the judgment of the trial court relate merely to the three-year, three month lapse of time between accrual of plaintiff's right to seek enforcement of the convenant and the filing of this lawsuit. Neither this finding nor the evidence which was presented at trial support the trial court's conclusion of law "[t]hat the Plaintiff was guilty of LACHES in that it negligently omitted for an unreasonable length of time to take action to force the reconveyance of the lots in question. . . ."

The covenant in question did not specify a time within which the reconveyance was to have been accomplished. In such a case when time of performance is not made of the essence of the contract, the law implies a reasonable time standard within which performance may be required. 71 Am. Jur. 2d, Specific Performance, § 35, p. 56; *see Yancey v. Watkins*, 17 N.C. App. 515, 195 S.E. 2d 89, *cert. denied* 283 N.C. 394 (1973). Considerations as to delay on plaintiff's part in tendering performance of the contract as affecting his right to seek specific performance merge with those surrounding the question of laches. *See* 81 C.J.S., Specific Performance, §§ 117, *et seq.* Again, defendant made no showing that plaintiff's delay was unreasonable.

[5] Although the decision of the district court must be reversed, we decline to order entry of judgment in favor of the plaintiff. "Even when the record discloses error which would have justified the entry of a final judgment by the appellate court, that court may have discretionary power to remand for further proceedings if necessary in order to prevent a failure of justice." 5 Am. Jur. 2d, Appeal and Error, § 962, p. 389. We are not convinced that plaintiff is entitled to specific performance. Admittedly, defendant did not present any evidence. However, there was indication in the record that plaintiff was not enforcing the particular covenant against other lots covered by it. It is possible that defendant might be able to show prejudicial change in condition during the delay which would make specific performance of the covenant to reconvey inequitable. Conversely, plaintiff's delay in instituting suit cannot be excused on the grounds that defendant was absent from the State. As noted by defendant, grounds for jurisdiction *in rem* existed pursuant to G.S. 1-75.8.

The judgment of the district court denying to plaintiff the relief sought and declaring defendant the lawful owner of the property in question free from the claims of plaintiff is reversed. The case is remanded to the district court for proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges BRITT and ARNOLD concur.