WARD LUMBER COMPANY, A CORPORATION, PLAINTIFF v. JOHN C. BROOKS,
COMMISSIONER OF LABOR OF THE STATE OF NORTH CAROLINA, DEFENDANT

No. 8010SC530

(Filed 6 January 1981)

1. Attorneys at I aw § 7.5— attorney fees — civil rights action

Where a claim is based on both a State statute which does not provide for
recovery of attorney fees and on 42 U.S.C. § 1983, it is not necessary that the court
base its decision on § 1983 in order for the prevailing party to be entitled to attorney

fees under 42 U.S.C. § 1988. If the court does not address the § 1983 claim but decides the case on the basis of the State statute, the test for determining whether the prevailing party is entitled to attorney fees is whether there was (1) a substantial claim under § 1983 and (2) a common nucleus of operative facts.

**2. Attorneys at Law § 7.5— attorney fees — civil rights action — failure to show substantial claim**

Plaintiff corporation is not entitled to attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988 in an action in which it was held that G.S. 95-136(a) is unconstitutional to the extent that it purports to authorize warrantless OSHA inspections of business premises and that an administrative inspection warrant for plaintiff's premises was not based on probable cause and was invalid where defendant voluntarily dismissed that portion of the administrative proceeding relating to a citation and proposed penalty for plaintiff's refusal to allow an inspection of its premises, plaintiff's place of business was not inspected during the pendency of this litigation, plaintiff was not deprived of any constitutional rights as a result of the invalid warrant, and plaintiff therefore failed to show a substantial claim under 42 U.S.C. § 1983 which would permit an award of attorney fees under 42 U.S.C. § 1988.

APPEAL by plaintiff from *Preston, Judge.* Order entered 13 March 1980 in Superior Court, WAKE County. Heard in the Court of Appeals, 4 December 1980.

This case is before us for the second time on appeal. The action was instituted by plaintiff Ward Lumber Company and five other individual plaintiffs under the North Carolina Declaratory Judgment Act, N.C. Gen. Stat. § 1-253 *et seq.,* and under 42 U.S.C. § 1983 (1978). It involved a challenge to warrantless OSHA inspections. Our previous opinion, *Gooden v. Brooks*, Comr. of Labor, 39 N.C. App. 519, 251 S.E. 2d 698 (1979), affirmed the trial court's dismissal for failure to state a claim upon which relief could be granted as to all plaintiffs except Ward Lumber Company. As to Ward Lumber Company, the appellant on this appeal, we held that it was entitled to a declaratory judgment that N.C. Gen. Stat. § 95-136(a) is unconstitutional to the extent that it purports to authorize warrantless inspections.

Defendant subsequently appealed our decision to the Supreme Court of North Carolina, which granted defendant's petition for discretionary review and denied plaintiff's motion to dismiss. *Gooden v. Brooks,* Comr. of Labor, 297 N.C. 299, 254 S.E. 2d 923 (1979). The record discloses that after the parties submitted briefs and after oral argument, the Supreme Court vacated its prior order granting discretionary review and dismissed the appeal. *Gooden v. Brooks,* Comr. of Labor, 298 N.C. 806, 261 S.E. 2d 919 (1979).

This appeal concerns the denial of plaintiff's request for attor-

ney's fees. On 10 January 1980 plaintiff moved for summary judgment pursuant to our opinion at 39 N.C. App. 519, requesting injunctive and declaratory relief and the award of attorney's fees. Simultaneously, plaintiff filed a motion for fees under The Civil Rights Attorney's Fees Awards Act of 1976, § 2, 42 U.S.C. § 1988 (1978). On 23 January 1980 the superior court granted the injunctive and declaratory relief requested and ordered that the matter be retained on the docket to determine plaintiff's entitlement to attorney's fees. On 15 February 1980 defendant filed a motion to dismiss the request for attorney's fees.

From an order granting defendant's motion to dismiss and denying plaintiff's motion for attorney's fees, plaintiff appeals.

*Hugh Joseph Beard, Jr., for the plaintiff-appellant.*

*Attorney General Edmisten by Assistant Attorney General Tiare B. Smiley, for the defendant-appellee.*

MARTIN (Robert M.), Judge.

The Civil Rights Attorney's Fees Awards Act of 1976, § 2, 42 U.S.C. § 1988 (1978) provides:

> In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 U.S.C. §§ 1981-1983, 1985, 1986], . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonably attorney's fee as part of the costs.

[1] Attorney's fees may be recovered as part of costs in state court proceedings instituted to enforce provisions of 42 U.S.C. § 1983. *Ashley v. Curtis,* 67 A.D. 2d 828, 413 N.Y.S. 2d 528 (App. Div., 1979). Our previous opinion in this case at 39 N.C. App. 519 did not address the question of whether plaintiff had established a violation of 42 U.S.C. § 1983. Where a claim is based on both a state statute which does not provide for the recovery of attorney's fees and on 42 U.S.C. § 1983, it is not necessary that the court base its decision on § 1983 in order for the prevailing party to be entitled to attorney's fees under 42 U.S.C. § 1988. If the court does not address the § 1983 claim, but rather decides the case on the basis of the state statute, the test for determining whether the prevailing party is entitled to attorney's fees is two-pronged: (1) was there a substantial claim under § 1983 and (2) was

there a common nucleus of operative facts. *Kimbrough v. Arkansas Activities Ass'n.*, 574 F. 2d 423 (8th Cir. 1978); *Seals v. Quarterly County Court, Etc.*, 562 F. 2d 390 (6th Cir. 1977); *Annot.*, 43 A.L.R. Fed. 243 (1979); *see also Southeast Legal Defense Group v. Adams*, 436 F. Supp. 891 (D. Ore. 1977). H.R. Rep. No. 94-1558, 94th Cong., 2d Sess. 4, n. 7 (1976) states that where a court decides the case on the non-fee claim,

> if the claim for which fees may be awarded meets the "substantiality" test, *see Hagans v. Lavine, supra;* [415 U.S. 528 (1974)] *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a "common nucleus of operative fact."

**[2]** The court below found that 42 U.S.C. § 1988 was inapplicable to the relief obtained by the plaintiff pursuant to the North Carolina Declaratory Judgment Act, N.C. Gen. Stat. § 1-253 *et seq.* The dispositive issue on this appeal, as plaintiff-appellant concedes in its brief, is "whether there was a substantial claim under Section 1983 and a common nucleus of operative facts between the 1983 claim and the Declaratory Judgment claim."

42 U.S.C. § 1983 (1978) provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunites secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The record discloses that although a citation and notification of proposed penalty were issued to plaintiff, plaintiff contested the citation and proposed penalty and subsequently the defendant voluntarily dismissed that portion of the administrative proceeding related to plaintiff's refusal to honor the adminstrative inspection warrant. In addition, the record discloses that plaintiff's place of business was not inspected during the pendency of this litigation. Plaintiff therefore was not deprived of any constitutional rights as a

result of the issuance of the invalid warrant. Simply stated, plaintiff has failed to show any deprivation of rights as required in order to claim relief under 42 U.S.C. § 1983. As plaintiff has failed to meet the first prong of the test referred to above, a substantial claim under 42 U.S.C. § 1983, and thus is not entitled to recover its attorney's fees under 42 N.C. U.S.C. § 1988, we will not address the issue of whether plaintiff has met the second prong of that test.

Our decision renders any possible error in the court's order dismissing plaintiff's motion for attorney's fees nonprejudicial.

Affirmed.

Judges VAUGHN and WELLS concur.