JOHN H. TAYLOR, PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, ET AL., DEFENDANT AND THIRD PARTY PLAINTIFF v. SWANSON JOYCE, THIRD PARTY DEFENDANT

No. 8617SC1324

(Filed 7 July 1987)

1. **Limitation of Actions § 10; Army and Navy § 1— statute of limitations tolled during military service**

    Plaintiff's action to recover compensation for a taking of his land by defendant was not barred by the 24-month statute of limitations of N.C.G.S. § 136-11, since that statute was automatically and unconditionally tolled by 50 U.S.C.A. App. § 525 until plaintiff's retirement from military service; further-

more, N.C.G.S. § 1-38, the seven-year statute of limitations for adverse posses-sion under color of title, was also tolled by 50 U.S.C.A. App. § 525.

**2. Highways and Cartways § 9; Army and Navy § 1; Equity § 2— alterations to road — taking of soldier's property — action for compensation barred by laches**

Laches was available as a defense against plaintiff's claim for compensa-tion for the taking of his land by defendant, notwithstanding the special pro-tection plaintiff enjoyed under 50 U.S.C.A. App. § 525 during the period of his military service, where plaintiff visited the community where the property was located at least once a year or more during his time of military service; plaintiff offered no evidence of any pressing military duties or emergency military obligations in which he was involved from the date of the taking until his retirement; plaintiff learned of the paving and changes in the road in ques-tion two years after they were completed; and plaintiff contacted defendant concerning the changes in the road and his property the year before his retire-ment from military service.

APPEAL by plaintiff from *Rousseau, Judge.* Order entered 23 June 1986 in STOKES County Superior Court. Heard in the Court of Appeals 13 May 1987.

Defendant North Carolina Department of Transportation im-proved N.C.S.R. 1195 in Stokes County between May and August 1974 by realigning some curves and paving the road. Plaintiff is the owner of fifty acres of land which he acquired from his father in 1973. This property abuts N.C.S.R. 1195. A portion of the im-provements made by defendant in 1974 cross part of plaintiff's property. Specifically, the road was realigned with .928 acre of right of way acquired across the northwestern portion of plaintiff's property and .047 acre of right of way across the north-ern corner of plaintiff's property.

Plaintiff served in the United States military from June 1957 until his retirement in June 1983. From 1974 until his retirement in 1983, plaintiff was stationed in the continental United States, except for a six-month period from January-July 1975, when he was stationed in the Panama Canal Zone. While in military serv-ice, plaintiff visited his home and family in Stokes County at least once a year or more.

Plaintiff learned of the paving and changes to N.C.S.R. 1195 in 1976. Plaintiff took no action at that time because he believed that defendant had a right to construct N.C.S.R. 1195 across por-tions of his property. Plaintiff first discussed this matter with an attorney in 1982, and in August 1982, plaintiff contacted defend-

ant concerning the changes to N.C.S.R. 1195 affecting his property.

Plaintiff brought this action on 20 March 1985 pursuant to N.C. Gen. Stat. § 136-111, seeking compensation for a taking of his land by defendant. G.S. § 136-111 provides, in pertinent part, that:

> Any person whose land or compensable interest therein has been taken by an intentional or unintentional act or omission of the Department of Transportation and no complaint and declaration of taking has been filed by said Department of Transportation may, within 24 months of the date of the taking of the affected property or interest therein or the completion of the project involving the taking, whichever shall occur later, file a complaint in the superior court . . . .

In his amended complaint, plaintiff specifically alleged that as a result of the improvements by defendant to N.C.S.R. 1195 he "has been denied suitable access to his property" and that "defendant's actions have resulted in a taking of the entire 50.03 acre tract of land belonging to plaintiff. . . ." Defendant denied the material allegations of plaintiff's amended complaint in its answer, and, by way of further defense, denied any taking by virtue of a right of way agreement from plaintiff and his wife to defendant's predecessor in interest dated 3 April 1974 and recorded in Book 217, page 169 in the Stokes County Register of Deeds office.

On 2 June 1986 a hearing was held pursuant to N.C. Gen. Stat. § 136-108 to determine all issues other than damages. After the hearing, the trial court entered an order which included findings of fact. Based on its findings, the court concluded, *inter alia*, that plaintiff's claim is barred by the twenty-four month statute of limitations contained in G.S. § 136-111 and that it is also barred by the doctrine of laches. The court further concluded that defendant "has obtained title to the right of way through plaintiff's property by adverse possession under color of title." The court ordered that plaintiff's action should be dismissed and that plaintiff should recover nothing from defendant. From this order, plaintiff appealed.

*Gregory Davis for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Senior Deputy Attorney General Eugene A. Smith and Assistant Attorney General Evelyn M. Coman, for defendant-appellee, North Carolina Department of Transportation.*

WELLS, Judge.

Plaintiff first contends that the trial court erred in conducting a non-jury hearing and determining all issues other than damages pursuant to G.S. § 136-108. However, counsel for plaintiff conceded in oral argument that the trial court properly conducted a hearing pursuant to G.S. § 136-108, and confined his argument to the question whether plaintiff's claim is barred by either the twenty-four month statute of limitations contained in G.S. § 136-111 or by the doctrine of laches. Accordingly, we do not consider plaintiff's first contention.

Plaintiff contends that the court improperly concluded that his claim is barred by the twenty-four month statute of limitations contained in G.S. § 136-111 and that it is also barred by the doctrine of laches. For the reasons set forth below, we hold that the court erred in concluding that plaintiff's claim is barred by the twenty-four month statute of limitations contained in G.S. § 136-111 and in concluding that defendant obtained title by adverse possession under color of title. We do hold, however, that plaintiff's claim is barred by laches. Accordingly, we affirm that portion of the court's order concluding that plaintiff's claim is barred by laches.

At the outset we note that plaintiff has waived his right to challenge the sufficiency of the evidence to support particular findings of fact by failing to except and assign error separately to each finding or conclusion that he contends is not supported by the evidence. N.C.R. App. Rules 10, 28; *Concrete Service Corp. v. Investors Group, Inc.,* 79 N.C. App. 678, 340 S.E. 2d 755, *cert. denied,* 317 N.C. 333, 346 S.E. 2d 137 (1986). The only question thus presented is whether the findings of fact support the conclusions of law and the conclusions support the judgment. *Concrete Service, supra.*

[1]   Under G.S. § 136-111, a plaintiff has twenty-four months from "the date of the taking of the affected property or interest

therein or the completion of the project involving the taking, whichever shall occur later . . ." within which to bring a claim for compensation for an alleged taking. While plaintiff essentially concedes that he did not bring his claim within the prescribed twenty-four month limitations period, he contends that the statute of limitations was tolled by 50 U.S.C.A. App. § 525 of the Soldiers' and Sailors' Civil Relief Act until his retirement from military service in June 1983.

50 U.S.C.A. App. § 525 provides, in pertinent part:

> The period of military service shall not be included in computing any period . . . limited by any law . . . for the bringing of [an] action . . . in any court . . . against any person in military service . . . whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service. . . .

Courts generally have held that the express terms of 50 U.S.C.A. App. § 525 "make certain that the tolling of the statute of limitations is unconditional." *Bickford v. United States*, 656 F. 2d 636 (Ct. Claims 1981). *See also Ricard v. Birch*, 529 F. 2d 214 (4th Cir. 1975). *See, generally*, Annot., 36 A.L.R. Fed. 420 (1983 Supp.). *Cf. Pannell v. Continental Can Co.*, 554 F. 2d 216 (5th Cir. 1977). In other words, "[t]he only critical factor is military service; once that circumstance is shown, the period of limitations is automatically tolled for the duration of the service. . . ." *Ricard, supra*. A plaintiff-serviceman is not required "to show that his ability to bring . . . suit has been handicapped by his military service." *Bickford, supra*.

The trial court here found that plaintiff "served in military service from June 1957 until his retirement in June 1983." Following *Bickford, supra*, and *Ricard, supra*, we hold that the twenty-four month statute of limitations contained in G.S. § 136-111 was automatically and unconditionally tolled by 50 U.S.C.A. App. § 525 until plaintiff's retirement from military service in June 1983. Plaintiff brought this action on 20 March 1985, within twenty-four months of June 1983. Accordingly, we hold that the court erred in concluding that plaintiff's claim is barred by the statute of limitations.

**[2]** Similarly, N.C. Gen. Stat. § 1-38, the seven-year statute of limitations for adverse possession under color of title, was automatically and unconditionally tolled by 50 U.S.C.A. App. § 525 until plaintiff's retirement from military service in June 1983. Accordingly, we hold that the court erred in concluding that defendant obtained title to the right of way through plaintiff's property by adverse possession under color of title. We now consider the question of laches.

Laches is an affirmative defense and the party who pleads it has the burden of proof. *Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E. 2d 576 (1976).

> In equity, where lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim, the doctrine of laches will be applied. Hence, what delay will constitute laches depends upon the facts and circumstances of each case. Whenever the delay is mere neglect to seek a known remedy or to assert a known right, which the defendant has denied, and is without reasonable excuse, the courts are strongly inclined to treat it as fatal to the plaintiff's remedy in equity, even though much less than the statutory period of limitations, if an injury would otherwise be done to the defendant by reason of the plaintiff's delay.

*Id.*

Further,

> Lapse of time is not, as in the case when a claim is barred by a statute of limitation, the controlling or most important element to be considered in determining whether laches is available as a defense. The question is primarily whether the delay in acting results in an inequity to the one against whom the claim is asserted based upon . . . some change in the condition or relations of the property of the parties. Also to be considered is whether the one against whom the claim is made had knowledge of the claimant's claim and whether the one asserting the claim had knowledge or notice of the defendant's claim and had been afforded the opportunity of instituting an action. (Citations omitted.)

*Harris & Gurganus v. Williams*, 37 N.C. App. 585, 246 S.E. 2d 791 (1978). In *Costin v. Shell*, 53 N.C. App. 117, 280 S.E. 2d 42, *disc. rev. denied*, 304 N.C. 193, 285 S.E. 2d 97 (1981), we stated the applicable rules as follows:

> The doctrine of laches requires a showing (1) that the [plaintiff] negligently failed to assert an enforceable right within a reasonable time, . . . *and* (2) that the propounder of the doctrine was prejudiced by the delay in bringing the action. . . . (Citations omitted.)

Plaintiff's appeal raises the question whether laches is available as a defense against his claim in light of the special protection he enjoys under 50 U.S.C.A. App. § 525 during the period of his military service.

In *Deering v. United States*, 620 F. 2d 242 (Ct. Claims 1980) the Court considered this question and held that laches was available as a defense against a military pay claim brought by an active-duty serviceman notwithstanding 50 U.S.C.A. App. § 525. The Court explained:

> We can find no reason, and plaintiff has shown us none, why such an across-the-board exemption from the equitable doctrine of laches, always employed on a case-by-case basis, should be carved out for active duty military personnel. This is particularly true in light of the absence of such an exemption in the Act [50 U.S.C.A. App. § 525] itself.
>
> . . .
>
> [W]e hold that the exemption from statutes of limitations established by the Act should be applied apart from and irrespective of the doctrine of laches.
>
> . . .
>
> The words of the Act itself refer only to statutes of limitations. The Act is silent as to laches. Moreover, resort to the legislative history to interpret the Act is of little use, since the legislative history is scant indeed. We do know that the Supreme Court has said the purpose of the Act is to "protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587 (1943). The

need to protect such persons from unwavering statutes of limitations is self-evident. Military personnel are often precluded by the nature of their military duties from attending courthouse proceedings. However, we can see no corresponding need to protect military personnel statutorily from the doctrine of laches. As an equitable defense, applied on a case-by-case basis only, laches includes built-in protection for military personnel unable to prosecute their claims due to the demands of military life. Military personnel legitimately unable to prosecute their claims can feel confident that courts, in applying this equitable doctrine, will duly consider the particular circumstances of a military person, taking all circumstances into account to see that equity is done.

We view our statute of limitations not as an absolute entitlement to a grace period in which to sue but rather as an outside limit beyond which Congress has determined claims are simply too stale to be litigated fairly. Implicit in the statute of limitations period is a shorter period in which laches may apply, should a particular plaintiff have unreasonably delayed and caused some prejudice to the . . . defendant. Indeed, we have repeatedly barred plaintiffs where their period of delay was significantly less than the full six years allowed by 28 U.S.C. § 2501 (1976). *See* authorities, with parenthetical delay periods indicated, cited in *Alpert v. United States*, 161 Ct.Cl. 810, 820-21 (1963). Were we to [hold otherwise] we can envision a circumstance wherein a serviceman delays filing suit through remaining in the military (thus avoiding statutes of limitations and laches), waiting for the most opportune moment to file a claim, after records have been destroyed or witnesses have died. Certainly the public policy in favor of swift adjudication of claims does not profit from such a situation.

In sum, we hold that a blanket exception to laches for active duty military personnel can not be read into the Act. As an equitable defense, laches will be applied after courts weigh all factors involved in each individual case, to be sure that injustice does not result to either party.

Following the reasoning of *Deering, supra,* we hold that plaintiff's exemption from the statute of limitations in G.S.

§ 136-111 during his military service established by 50 U.S.C.A. App. § 525 applies "apart from and irrespective of the doctrine of laches." *Deering, supra.* We now consider whether the court's findings support its conclusion that laches bars plaintiff's claim.

In *Harris & Gurganus, supra,* plaintiff sought specific performance of a covenant in a deed. Defendant asserted laches as an affirmative defense. The trial court concluded in its judgment that laches barred plaintiff's claim.

On appeal, we held that neither the evidence nor findings of fact supported the trial court's conclusion that laches barred plaintiff's claim. The only findings by the trial court which supported its conclusion of laches related to the amount of time elapsed. There was no evidence or findings as to (1) any inequity affecting defendant which resulted from plaintiff's delay, *viz.,* some change in condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim; (2) whether plaintiff's delay was without reasonable excuse; or (3) any lack of knowledge by defendant that plaintiff would assert its claim. *Harris & Gurganus, supra.*

The trial court here found, in pertinent part, that:

7. During his time of military service, the plaintiff visited his home and family in Stokes County at least once a year or more depending on where he was stationed.

. . .

9. The plaintiff offered no evidence of any pressing military duties or emergency military obligations in which he was involved from 1974 until 1983.

10. The plaintiff learned of the paving and changes in N.C.S.R. 1195 in 1976.

. . .

13. The plaintiff contacted the Department of Transportation concerning the changes in the road and his property in August 1982.

. . .

28. In 1985 when the Department of Transportation surveyed the plaintiff's property and existing N.C.S.R. 1195, it had difficulty in locating old irons and points of plaintiff's boundaries and had difficulty establishing the old road location.

Applying *Taylor, Costin,* and *Harris & Gurganus, supra,* to the foregoing findings of fact, we hold that they are sufficient to support the court's conclusion of laches.

Accordingly, we affirm that portion of the order concluding that plaintiff's claim is barred by laches.

Affirmed.

Judges ARNOLD and ORR concur.