CHIEGE KALU OKWARA v. DILLARD DEPARTMENT STORES, INC., AND TOWN OF
PINEVILLE, AND WALTER B. RORIE

No. COA99-309

(Filed 15 February 2000)

**1. Costs— attorney fees—no time bar—award at end of litigation**

Although plaintiff cites Federal Civil Procedure Rule 54(d)(2)(B) to show defendants' claims for attorney fees were time barred since the claims were not filed within fourteen days following entry of judgment, the trial court did not err in taxing plaintiff with costs, including attorney fees incurred in defending plaintiff's claims asserted under federal civil rights laws 42 U.S.C. §§ 1981 and 1983, because: (1) the federal civil procedure rule does not apply to litigation pending in our state courts; (2) the North Carolina Rules of Civil Procedure do not contain a counterpart to the federal rule, nor a deadline for filing a motion for costs and fees; and (3) the usual practice in awarding attorney fees is to make the award at the end of the litigation when all work has been done and all the results are known, and defendants' motions for costs were filed within a reasonable time after the results were known.

**2. Costs— attorney fees—civil rights claim—frivolous**

The trial court's taxing of plaintiff with costs, including attorney fees incurred in defending plaintiff's claims asserted under federal civil rights laws 42 U.S.C. §§ 1981 and 1983, was not unjustified under 42 U.S.C. § 1988(b) because: (1) the trial court found that plaintiff's claims were based solely on "conjecture and speculation" and were "not well-grounded in fact"; (2) plaintiff did not assign error to these findings, meaning they are binding on appeal; and (3) the findings support the trial court's conclusion of law that plaintiff's claims were frivolous and groundless.

**3. Costs— attorney fees—reasonableness—usual and customary rates**

The trial court did not abuse its discretion by determining that the hourly rates charged by defendant Dillard's counsel were reasonable when taxing plaintiff with costs, including attorney fees incurred in defending plaintiff's claims asserted under federal civil rights laws 42 U.S.C. §§ 1981 and 1983, because this con-

clusion was supported by the trial court's finding, to which plaintiff has not assigned error, that the hourly rates charged by the attorneys who worked on this case were the "usual and customary rates for the firm for such cases and were reasonable under the prevailing market rates for the defense of these types of claims by other firms and lawyers of comparable experience."

**4. Costs— attorney fees—federal and other claims—common nucleus of law or fact**

Although plaintiff contends the amount of attorney fees awarded to defendants should be reduced by the amount expended in defense of the non-federal claims, the trial court did not abuse its discretion in determining the amount it taxed plaintiff with costs because: (1) fees incurred defending both federal civil rights claims and other claims may be fairly charged to the prevailing party under 42 U.S.C. § 1988 so long as all of these claims stem from a common nucleus of law or fact; and (2) a prevailing defendant is not treated differently than a prevailing plaintiff when considering apportionment.

Appeal by plaintiff from judgment entered 7 December 1998 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 December 1999.

*Daly & Daly, P.A., by George Daly, for plaintiff-appellant.*

*Underwood Kinsey Warren & Tucker, P.A., by C. Ralph Kinsey, Jr., for defendant-appellee Dillard Department Stores, Inc.*

*Bailey & Dixon, L.L.P., by Patricia P. Kerner, for defendant-appellee Town of Pineville.*

MARTIN, Judge.

Plaintiff Chiege Kalu Okwara filed suit against Officer Walter B. Rorie, Dillard Department Stores ("Dillard") and the Town of Pineville ("Town") on 2 December 1994, alleging negligent hiring, defamation, slander *per se*, race discrimination, violations of 42 U.S.C. §§ 1981 and 1983, infliction of emotional distress, false imprisonment, battery, and assault. These allegations stemmed from a 10 December 1993 incident at a Dillard Department Store in Pineville, North Carolina, in which defendant Rorie, an off-duty Pineville police officer working as a security guard for Dillard, investigated a report that plaintiff was shoplifting. Plaintiff alleged that she was investi-

gated as a result of a race-based shoplifter profile, and also alleged that during Rorie's investigation, he struck her in the stomach, made derogatory and defamatory statements to her, and restrained her against her will.

Plaintiff's claims against Dillard and the Town for negligent employment and civil rights violations were dismissed pursuant to an order of summary judgment entered 14 December 1995. On 30 August 1996, plaintiff's remaining claims were dismissed as a sanction for failing to comply with previous discovery orders, and plaintiff was taxed with costs. Plaintiff appealed. By opinion filed 17 February 1998, this Court affirmed. *Okwara v. Dillard Dept. Stores* (unpublished, COA97-438, 128 N.C. App. 748, 496 S.E.2d 851 (1998)). Plaintiff's petition to the North Carolina Supreme Court for discretionary review was denied on 8 July 1998. *Okwara v. Dillard Dept. Stores*, 348 N.C. 499, 510 S.E.2d 652 (1998).

Both Dillard and Pineville moved for an order taxing plaintiff with costs, including attorneys' fees incurred in defending plaintiff's claims asserted under federal civil rights laws, 42 U.S.C. §§ 1981 and 1983. On 7 December 1998, the trial court entered a Judgment for Costs taxing plaintiff with costs, including attorneys' fees, incurred by both Dillard and the Town.

The trial court found, *inter alia*:

25. Discovery conducted by the parties in this action disclosed that there was no evidence to support Plaintiff's claims under Section 1983 against either the Town or Dillard. As clearly demonstrated by Plaintiff's sworn deposition testimony and interrogatory answers, Plaintiff did not have one scintilla of evidence to support her Complaint allegations with respect to these claims at the time she filed the Complaint and did not present any competent evidence to support them in opposition to the Town's and Dillard's Motion for Summary Judgment.

26. In her memorandum filed with this Court in opposition to the Motions for Summary Judgment, Plaintiff did not point to a single fact supporting her speculative allegations that the Town had an official policy to use a profile to identify shoplifters based on the race of the individual and that Dillard authorized and condoned Defendant Rorie's supposed use of such a policy.

27. Plaintiff made her allegations in her Verified Complaint with respect to her purported Section 1983 claims (Second Cause of

Action) against Dillard and the Town and prosecuted such claims through their dismissal based upon her own conjecture and speculation. Plaintiff's Section 1983 claims (Second Cause of Action) were not well-grounded in fact when Plaintiff filed her Verified Complaint and she did not develop or produce any evidence whatsoever to support her speculative allegations prior to the dismissal of such claims.

28. Plaintiff's Verified Complaint established that each of her purported eight (8) Causes of Action arose out of a common nucleus of operative facts and that each such Cause of Action was inextricably interwoven with the others. The work of Dillard's and the Town's counsel on the case was directed at all claims until their and the Town's Motions for Summary Judgment were heard and decided on December 14, 1995. Because all of Plaintiff's claims arose out of the same set of facts and related legal theories, all of the work of the attorneys for Dillard and the Town prior to that hearing, including extensive discovery (with the exception of some research time directed specifically at other claims), related to the litigation as a whole.

The trial court also made seventeen findings of fact regarding the hourly rates charged by defendants' counsel and the time spent in defense of plaintiff's claims.

The trial court reached the following conclusions of law:

1. This Court lacked jurisdiction to enter any order taxing costs until the mandate of the Court of Appeals was issued remanding this matter back to the Mecklenburg County Superior Court.

2. The North Carolina General Statutes set no specific deadline for filing a Motion for Costs.

3. Defendants Dillard and the Town were the prevailing parties in this action.

4. Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendants Dillard and the Town were frivolous, unreasonable and groundless.

5. All of Plaintiff's claims involved a common core of facts and related legal theories.

6. The fees sought by Defendant Dillard for work done by attorneys and paralegals before the entry of partial summary judgment

on December 14, 1995, are reasonable, and the Court concludes, in its discretion that $65,111.00 for fees incurred by Defendant Dillard should be taxed as costs in this action.

7. The fees sought by Defendant the Town for work done by attorneys and paralegals before the entry of partial summary judgment on December 14, 1995, are reasonable, and the Court concludes, in its discretion, that $39,286.00 for fees incurred for the defense of the Town should be taxed as costs in this action.

8. Fees incurred by Defendants Dillard and the Town in defending this action after partial summary judgment was entered on December 14, 1995, cannot be taxed by the Court as costs in this action.

The trial court awarded costs and attorneys' fees to Dillard in the amount of $70,949.51 and to the Town in the amount of $40,735.00. Plaintiff appeals.

_____

In each of her arguments to this Court, plaintiff challenges both the sufficiency of the evidence to support certain of the trial court's findings of fact, and the conclusions of law drawn from these findings. Plaintiff, however, has not assigned error to any of the trial court's findings. Appellate review is confined to a consideration of issues presented by proper assignments of error set out in the record on appeal. *Wade v. Wade*, 72 N.C. App. 372, 325 S.E.2d 260, *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985). Where findings of fact are challenged on appeal, each contested finding of fact must be separately assigned as error, and the failure to do so results in a waiver of the right to challenge the sufficiency of the evidence to support the finding. *Taylor v. N.C. Dept. of Transportation*, 86 N.C. App. 299, 357 S.E.2d 439 (1987); *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 684, 340 S.E.2d 755, 759-60, *cert. denied*, 317 N.C. 333, 346 S.E.2d 137 (1986) (finding that the failure of appellant to "except and assign error separately to each finding or conclusion that he or she contends is not supported by the evidence . . . will result in waiver of the right to challenge the sufficiency of the evidence to support particular findings of fact"). Where an appellant fails to assign error to the trial court's findings of fact, the findings are "presumed to be correct." *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998). Our review, therefore, is limited to the question of whether the trial court's findings of fact, which are presumed to be supported by competent evi-

dence, support its conclusions of law and judgment. *Taylor v. N.C. Dept. of Transportation, supra.*

Plaintiff argues the conclusions of law are erroneous because (1) defendants were time-barred from seeking attorneys' fees two years after the federal claims were dismissed; (2) the facts found do not justify an award of attorneys' fees according to the standard set forth in 42 U.S.C. § 1988; (3) the award was unreasonable; and (4) at least a portion of the award should be nullified because it was incurred for work unrelated to the federal civil rights claims. We have carefully considered her arguments and find no basis upon which to disturb the trial court's judgment.

I.

[1] Plaintiff first contends defendants' claim for attorneys' fees was time-barred. Citing F.R. Civ. P. 54(d)(2)(B) requiring motions for attorneys' fees to be filed within fourteen days following the entry of judgment, plaintiff argues we should apply a "rule of reasonableness" and find that it was violated by the "unreasonable and prejudicial" two year time period between the partial summary judgment order and the attorneys' fee motions. The fourteen day rule contained in F.R. Civ. P. 54(d)(2)(B) clearly does not apply to litigation pending in our State courts and the North Carolina Rules of Civil Procedure contain neither a counterpart to F.R. Civ. P. 54(d)(2)(B) nor a deadline for filing a motion for costs and fees. Rather, "[t]he usual practice in awarding attorneys' fees is to make the award at the end of the litigation when all the work has been done and all the results are known." *Baxter v. Jones*, 283 N.C. 327, 331, 196 S.E.2d 193, 196 (1973).

As established by the record and the trial court's findings, the litigation was ended on 8 July 1998 when plaintiff's petition for discretionary review was denied by the North Carolina Supreme Court. Dillard's amended motion for costs was filed 14 September 1998, and the Town's motion for costs was filed 10 August 1998, both within a reasonable time after the "results were known." We hold the motions for costs were not time-barred.

II.

[2] Plaintiff next argues the award of attorneys' fees was unjustified according to 42 U.S.C. § 1988(b). This section expressly allows attorney's fees in federal civil rights cases and reads:

**OKWARA v. DILLARD DEP'T STORES, INC.**

[136 N.C. App. 587 (2000)]

(b) Attorney's fees

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

A defendant in a § 1981 or § 1983 claim who successfully moves for summary judgment is a prevailing party for purposes of § 1988. *See, e.g., Shaw v. Jones,* 81 N.C. App. 486, 488, 344 S.E.2d 321, 323 (1986) (finding that where defendants in a § 1983 action successfully moved for summary judgment, "[t]here is no question that defendants were the 'prevailing parties' "). Although the statute itself does not distinguish between a prevailing defendant or a prevailing plaintiff, the Supreme Court in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 417, 54 L.Ed.2d 648, 698 (1978) held that, while a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," a prevailing defendant is differently situated and may only be entitled to attorney's fees if the claim brought by the plaintiff is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422, 54 L.Ed.2d at 701. This stricter standard is based on the rationale that, although prevailing defendant awards are clearly warranted in some circumstances, large fee awards would have a "chilling effect" on plaintiffs considering civil rights claims. *Id.*

*Christiansburg* did not define a precise measure of frivolousness, stating only that subjective bad faith is not required in order to find the claim frivolous. *Id.* Instead, this determination was left to the discretion of trial courts; courts since *Christiansburg* have awarded attorney's fees under § 1988 against plaintiffs who have brought claims wholly untenable at law, or wholly unsubstantiated in fact. *See, e.g., Arnold v. Burger King Corp.,* 719 F.2d 63 (4th Cir. 1983), *cert. denied,* 469 U.S. 826, 83 L.Ed.2d 51 (1984) (discussing the reasons courts have found a claim frivolous); *Hutchison v. Staton,* 994 F.2d 1076 (4th Cir. 1993) (finding the district court properly granted attorney's fees against a plaintiff who brought a § 1983 claim which

was "conjecture" and "speculation" and "had no basis in fact"); *DeBauche v. Trani,* 191 F.3d. 499 (4th Cir. 1999) (finding that the trial court acted within its discretion in awarding attorney's fees on the basis that plaintiff's claim was "groundless" and "without foundation").

Plaintiff argues that her federal civil rights claims were not frivolous, so that any award of attorneys' fees was improper. However, in its finding of fact numbered 25, the trial court found, *inter alia*:

> Plaintiff did not have one scintilla of evidence to support her Complaint . . . and did not present any competent evidence to support them in opposition to the Town's and Dillard's Motion for Summary Judgment.

In its finding of fact numbered 27, the trial court found that plaintiff's claims were based solely on "conjecture and speculation," and were "not well-grounded in fact." Plaintiff did not assign error to these findings, they are binding on appeal, and they support the trial court's conclusion of law numbered 4 that plaintiff's claims were frivolous and groundless. A plaintiff who files frivolous claims may be charged with reasonable attorney's fees; this assignment of error is overruled.

### III.

[3] Next plaintiff argues that, even if her claims are determined to be frivolous, the hourly rates charged by Dillard's counsel were unreasonable. Once it is established that the party seeking fees is entitled to them, the trial court must also make certain the fees charged are reasonable. *Arnold,* 719 F.2d at 67. This decision is largely left to the discretion of the trial judge, who has "intimate knowledge" of the facts and circumstances of the case." *Id.* The "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the ligation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 76 L.Ed.2d 40 (1983). To determine a reasonable hourly rate, the Court may look at "the customary fee for similar work in the community." *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) (listing this as one of twelve factors used to determine the amount of attorney's fees; its use in federal civil rights cases was cited with approval in *Hensley*).

Here, the trial court's conclusion that the hourly rate charged by Dillard's attorneys was reasonable is clearly supported by its finding that the hourly rates charged by the attorneys who worked on this

case were "the usual and customary rates for the firm for such cases and were reasonable and under the prevailing market rates for the defense of these types of claims by other firms and lawyers of comparable experience to [Dillard's attorney]," a finding to which plaintiff has not assigned error. This assignment of error is overruled.

IV.

[4] Finally, plaintiff challenges the amount of the fee, arguing that it should be reduced by the amount expended by defendants in defense of the non-federal claims. In *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40 (1983), the Supreme Court held that where multiple state law and federal law claims are litigated together, fees incurred defending both the federal civil rights claims and other claims may be fairly charged to the prevailing party under § 1988 so long as all of these claims stem from a common nucleus of law or fact. *See also Ward Lumber Co. v. Brooks, Comm'r of Labor*, 50 N.C. App. 294, 273 S.E.2d 331, *cert. denied*, 454 U.S., 70 L.Ed.2d 638 (1981). This is so because, as noted in *Hensley*, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435, 76 L.Ed.2d at 51. This determination is left largely to the discretion of the trial courts. *Id.*

Plaintiff urges this Court to treat a prevailing defendant differently than a prevailing plaintiff when considering apportionment. Plaintiff argues that a stricter standard should be applied to apportionment when the defendant seeks damages in order to avoid the "chilling effect" large fee awards would have on plaintiffs pursuing federal civil rights claims. We are not persuaded. Plaintiff has not guided us to a single case which recognizes this distinction when apportioning fees incurred in the defense of non-federal claims. The Seventh Circuit, when faced with this issue, found that rules of apportionment from *Hensley* should apply equally to prevailing defendants and prevailing plaintiffs. *Munson v. Milwaukee Board of School Directors*, 969 F.2d 266 (7th Cir. 1992); *see also Hoffine v. Brogan*, 1998 WL 1118672 (S.D.Cal 1998); *Kennedy v. McCarty*, 803 F.Supp. 1470 (S.D Ind. 1992). The Fourth Circuit has observed that once the court properly determines a claim is frivolous, an imposition of fees "chills nothing that is worth encouraging." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

The trial court in this case properly applied this standard in the Judgment for Costs, concluding that defendants may be awarded fees

**IN RE J.L.W.**

[136 N.C. App. 596 (2000)]

for any portion of the defense stemming from the same nucleus of fact. In its finding of fact numbered 28, the trial court found that plaintiff's claims arose from "a common nucleus of operative facts," and that each claim was "inextricably interwoven" with the other claims. The finding, to which error was not assigned, supports the trial court's conclusion that no apportionment of fees was necessary before partial summary judgment; the conclusion is a correct application of the law. This assignment of error is overruled.

We have reviewed plaintiff's remaining assignments of error and find them without merit. We affirm the Judgment for Costs.

Affirmed.

Judges LEWIS and WYNN concur.