FRANK RAMSEY AND WIFE, DOROTHY JEAN RAMSEY v. STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND HIGHWAY SAFETY

No. 8330SC477

(Filed 17 April 1984)

**Dedication §§ 1.3, 4— dedication of street—no abandonment—no adverse possession of street**

Defendant presented sufficient evidence that a street was dedicated and accepted for public use where such evidence tended to show that the street had been a part of the State highway system since 1925; the street was formerly a part of N.C. Highway 28, the main highway leading east from Murphy; in 1932 N.C. Highway 28 was relocated and redesignated as U.S. 64, leaving a loop of what had been a part of Highway 28 in front of plaintiffs' property; and maintenance trucks and highway machinery have used the road in front of plaintiffs' property in performing duties of maintenance and repair. The evidence was also sufficient to show that the street had not been abandoned by the State where it showed that the street was a part of the system of streets on the Powell Bill map submitted by the Town of Murphy to the State to obtain money to maintain city streets. Therefore, plaintiffs did not gain title to a portion of the street by adverse possession after they extended their lot into the street by grading, filling and building a wall and sidewalk.

APPEAL by defendant from *Howell, Judge.* Order entered 18 October 1982 in Superior Court, CHEROKEE County. Heard in the Court of Appeals 13 March 1984.

This is an action for inverse condemnation. Plaintiffs claim the area condemned for highway purposes was acquired by them

through adverse possession, and that such area was damaged by flooding as a result of highway construction. The property involved is a part of Parker Street in the City of Murphy. Parker Street formerly was a part of N.C. Highway 28, the main highway leading east from Murphy. N.C. Highway 28 had been a part of the State Highway System at least since 1925. As such it was a paved road. In 1932 N.C. Highway 28 was updated and relocated, paved and redesignated U.S. 64. The relocated situs of U.S. 64 was northeast of N.C. Highway 28, and left a loop, such loop being the road which fronted and abutted the plaintiffs' property, which was then designated Parker Street. Plaintiffs extended their lot into Parker Street by grading, filling, and building a wall and a sidewalk. In 1980, U.S. 64 was upgraded and improved by widening, straightening, curbing, guttering, and paving. These improvements were completed within the area designated as Parker Street.

The trial judge denied defendant's motion to dismiss at the end of plaintiffs' evidence and at the end of all the evidence. He then made findings of fact, conclusions of law, and entered an order holding that plaintiffs had not demonstrated any flood damage but that they had through adverse possession acquired a portion of Parker Street, a dedicated right of way, and were entitled to compensation for the taking of a portion thereof by the defendant for highway purposes. The court then ordered the matter be calendared for trial to determine what compensation, if any, should be. Defendant appeals.

*Attorney General Rufus L. Edmisten by Senior Deputy Attorney General Eugene A. Smith and Assistant Attorney General Guy A. Hamlin for the State.*

*Pachnowski & Collins, P.A., by Joseph A. Pachnowski for plaintiff appellees.*

HILL, Judge.

Defendant contends the court erred in denying his motion to dismiss at the conclusion of plaintiffs' evidence and again at the close of all the evidence. Because defendant presented sufficient evidence that Parker Street was dedicated to and accepted for public use and an abandonment of Parker Street never occurred,

we hold that the trial court erred in denying defendant's motion to dismiss at the close of all the evidence.

There is ample evidence by plaintiffs from which the trial judge, sitting as a jury, could have found that defendants had acquired title by adverse possession under ordinary circumstances. Plaintiffs and their predecessors in title had owned the property abutting Parker Street for more than thirty years. The State had relocated U.S. 64 to be the main highway east of Murphy. Old N.C. Highway 28 ceased to be used in the same manner as previously. Although N.C. Highway 28 in front of plaintiffs' house became a loop road with both ends abutting U.S. 64, there was evidence of washing and growing up to the extent that travel by vehicle was at best difficult. Plaintiffs had repaired the street area in front of their property, and on occasion blocked the street; and there was evidence that the street had been blocked on occasion on the other end. Plaintiffs had extended their lot nearly fifteen feet into Parker Street. There was no evidence of repair of the street by the town of Murphy, although the street appeared on the city map for Powell Bill purposes.

Nevertheless, in North Carolina it is the law that a street or highway, once dedicated and never abandoned, does not lose its status as a street or highway. *Salisbury v. Barnhardt*, 249 N.C. 549, 107 S.E. 2d 297 (1959). Therefore, implicit in the issue of whether the plaintiff adversely possessed property inversely condemned by the State is the question of whether Parker Street was ever dedicated to public use, and if so, whether such street was thereafter abandoned.

(1) *Dedication.* Once a highway or street is dedicated, acceptance of such dedication cannot be revoked except by proper procedure. Before this rule may apply, however, it must first be established by competent evidence that such dedication was offered and such acceptance was made. Such offer and acceptance are necessary elements of the dedication of a road to public use. *Highway Commission v. Thornton*, 271 N.C. 227, 156 S.E. 2d 248 (1967).

Tommy Cline testified that he was special assistant to the manager of right of way for the State Department of Transportation. Among his duties was finding material from microfilm records of old plans and determining the location and designation of

old roads. He found plans from 1932 showing the designation of the old loop of what is now called Parker Street and shown on the plans as N.C. Highway 28. Although the map showing N.C. Highway 28 indicated Parker Street by two white lines, different from the rest of the map, Mr. Cline testified he had seen the originals, and the plans submitted were correct reproductions; that N.C. Highway 28 is Parker Street. He further testified that N.C. Highway 28 shown on the original road map in 1932 was the main travelled road from Murphy to Brasstown; that there was no other road designation between those two cities or towns. When asked if N.C. Highway 28 was a State maintained North Carolina highway, he responded: "The only answer I could make was that this road was designated North Carolina 28. It was one of the main travelled lines. As far as actual maintenance on the road, I have no records to show that the State did not maintain it, did not keep it open; as well as I do not have records to show that they did."

In 1932, prior to the construction of U.S. 64, governmental agencies, boards of county commissioners, and the State Highway Commission were vested with the responsibility for the construction and maintenance of the public streets and highways. See *Young v. Highway Commission*, 190 N.C. 52, 128 S.E. 401 (1925). The uncontroverted testimony reveals that N.C. Highway 28 was a part of the State system and the only road designated on the State highway map between Murphy and Brasstown for many years. Roads must be repaired periodically, particularly mountain roads. Although there is no evidence the area of land in question in front of plaintiffs' property was repaired as such, it was a part of N.C. Highway 28, the only road between two towns in Cherokee County in the period and subject to repair. Maintenance trucks and highway machinery at least have used the road in front of plaintiffs' property in performing duties of maintenance and repair. We conclude there was ample evidence that N.C. Highway 28 was a dedicated road.

(2) *Abandonment.* The record reveals that Parker Street was a part of the system of streets on the Powell Bill map submitted by the town to the State. The proceeds recovered from the State were used to maintain city streets. This does not mean that all streets were maintained annually with Powell Bill money, but

their very presence on the map indicates the town never abandoned the street.

There is conflicting evidence as to the condition of Parker Street in 1980. The Highway Commission offered evidence that the street was passable. A highway employee testified he drove over Parker Street prior to construction of U.S. 64. There was other evidence of pavement in the old roadbed. Plaintiffs' witnesses admitted the road could be used as a path. Abandonment will not ordinarily be implied from mere nonuse when the public need has not required the use. 39 Am. Jur., Highways, Streets, and Bridges, § 151, p. 524. We conclude there was no abandonment of N.C. Highway 28 by the State.

We affirm that portion of the judgment finding that no flood damage existed.

We reverse that portion of the order of the trial judge finding a taking by the defendant and remand the case to the Superior Court of Cherokee County for entry of an order in conformity herewith.

Affirmed in part.

Reversed and remanded in part.

Judges HEDRICK and BECTON concur.