WINSTON-SALEM WRECKER ASSOCIATION, INC., HARVEY DAVIS D/B/A DAVIS GARAGE AND BODY SHOP, DEAN'S ROBINHOOD GULF, INC., FRITTS MOTOR COMPANY, INC., DAVID GRUBBS D/B/A PARKWAY TEXACO, ROBERT R. MATHIS D/B/A RAY'S PAINT & BODY SHOP AND WRECKER SERVICE, A.C. REYNOLDS, SR. D/B/A REYNOLDS GARAGE & USED PARTS, RONALD E. JONES D/B/A SOUTHSIDE GARAGE TOWING, SPAUGH MOTOR COMPANY, INC. AND STEVE VENABLE, INC., PLAINTIFFS v. RON BARKER, SHERIFF OF FORSYTH COUNTY, NORTH CAROLINA IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, JAMES HORN D/B/A HORN'S GARAGE AND WRECKER SERVICE AND/OR HORN'S GARAGE AND TOWING, JAMES HORN, INDIVIDUALLY, HORN'S GARAGE, INC., AND THE HARTFORD FIRE INSURANCE COMPANY, DEFENDANTS

No. COA01-67

(Filed 28 December 2001)

## 1. Costs— attorney fees—findings of fact

The trial court did not err in an unfair and deceptive trade practices and civil conspiracy action by allegedly failing to make findings of fact and conclusions of law to support its order awarding attorney fees to defendant sheriff under N.C.G.S. § 6-21.5,

WINSTON-SALEM WRECKER ASS'N v. BARKER

[148 N.C. App. 114 (2001)]

because: (1) the trial court adopted the grounds for its award set forth in defendant's motion and in the billing statements attached to defense counsel's affidavit; and (2) a review of the order, motion, and affidavit along with its attachments provides sufficient findings of fact to support the award.

## 2. Costs— attorney fees—justiciable issue—survival from motion to dismiss

The trial court did not err in awarding attorney fees in an unfair and deceptive trade practices and civil conspiracy action by finding that there was a complete absence of a justiciable issue of either law or fact in plaintiffs' action, because: (1) the mere fact that plaintiffs' complaint survived a N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss is not determinative proof of justiciability; (2) the insurmountable defenses raised by defendants foreclosed any reasonable expectation of an affirmative recovery by plaintiffs; (3) the trial court entered summary judgment in favor of defendant, the Court of Appeals affirmed summary judgment, and the Supreme Court dismissed plaintiffs' appeal and denied the petition for discretionary review; and (4) plaintiffs' claims were brought in bad faith.

## 3. Costs— attorney fees—preparation and argument of motion to dismiss

The trial court did not err in an unfair and deceptive trade practices and civil conspiracy action by awarding attorney fees to defendant sheriff under N.C.G.S. § 6-21.5 for preparing to argue and arguing the N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss heard on 28 August 1998 even though the motion was denied, because the trial court properly concluded that plaintiffs failed to raise justiciable issues.

Appeal by plaintiffs from order entered 11 October 2000 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 26 November 2001.

*White and Crumpler, by Dudley A. Witt, for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Allan R. Gitter and Stacey M. Stone, for defendant-appellees.*

EAGLES, Chief Judge.

Plaintiff Winston-Salem Wrecker Association, Inc. (Wrecker Association) coordinates vehicle towing, recovery, and storage

services in Forsyth County. The Wrecker Association negotiated a procedure with the Winston-Salem Police Department, North Carolina Highway Patrol, and the North Carolina Department of Transportation to allow any wrecker service operator, that complies with certain minimum requirements, to participate in the towing and storing of seized, abandoned, and wrecked automobiles. The Wrecker Association uses a rotating call procedure for its participating operators.

Plaintiffs, however, have not provided towing services to the Forsyth County Sheriff's Department because Sheriff Ron Barker (Sheriff Barker) has employed only the services of defendant James Horn d/b/a Horn's Garage and Wrecker Service (Horn) since 1990. Because of the arrangement between Sheriff Barker and Horn, plaintiffs have not provided any of the towing services required by the Forsyth County Sheriff's Department.

Plaintiffs filed a complaint on 4 May 1998 that asserted five causes of action: (1) Sheriff Barker, in his official capacity, violated plaintiffs' rights guaranteed by Article I, Section 34 of the North Carolina Constitution; (2) Horn engaged in unfair and deceptive trade practices; (3) Sheriff Barker, in his individual capacity, and Horn entered into a civil conspiracy creating a monopoly of the towing and storage business, damaging plaintiffs due to the unlawful agreement; (4) Sheriff Barker, in his official and individual capacities, violated plaintiffs' Fifth and Fourteenth Amendment constitutional rights; and (5) Sheriff Barker's conduct entitles plaintiffs to compensatory damages from Hartford Insurance, Sheriff Barker's surety.

On 2 June 1998, defendants filed an answer and a Rule 12(b)(6) motion to dismiss. The Honorable Russell G. Walker, Jr. denied defendants' motion on 26 August 1998. Plaintiffs amended their complaint on 3 September 1998. On 14 September 1998, defendants filed a motion for summary judgment and included supporting affidavits. Plaintiffs filed affidavits in opposition to defendants' motion. The Honorable L. Todd Burke granted defendants' motion for summary judgment on 28 October 1998.

Plaintiffs appealed to the North Carolina Court of Appeals and on 21 March 2000, in an unpublished opinion, this Court affirmed the trial court's order of summary judgment in favor of defendants. On 25 April 2000, plaintiffs filed a notice of appeal raising constitutional issues and also petitioned the Supreme Court of North Carolina for discretionary review. Our Supreme Court dismissed plaintiffs' notice

of appeal and denied plaintiffs' petition for discretionary review on 29 August 2000.

On 11 September 2000, defendants Hartford Insurance and Sheriff Barker filed a motion for an order in conformity. Additionally, Sheriff Barker moved for an award of attorney fees pursuant to N.C.G.S. § 6-21.5. On 11 October 2000, Judge Burke ordered the action dismissed with prejudice and awarded Sheriff Barker $17,390.37 in attorney's fees. Plaintiffs filed timely notice of appeal of the order granting the award of attorney's fees.

Plaintiffs raise three issues on appeal: (1) whether the trial court erred in failing to make findings of fact and conclusions of law to support its order awarding attorney's fees pursuant to N.C.G.S. § 6-21.5; (2) whether the trial court erred in finding that there was a complete absence of a justiciable issue of either law or fact in plaintiffs' action; and (3) whether the trial court erred in awarding as attorney's fees any sums representing fees incurred by the defendant for preparing to argue and arguing the Rule 12(b)(6) motion to dismiss that was denied on 26 August 1998 by Judge Russell G. Walker, Jr.

I.

North Carolina General Statute § 6-21.5 provides:

In any civil action or special proceeding the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a general denial or the granting of any preliminary motion, such as a motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12, a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), a motion for a directed verdict pursuant to G.S. 1A-1, Rule 50, or a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees. The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.

In granting Sheriff Barker's motion for award of attorney's fees, Judge Burke's order stated the following:

[T]he Court being of the opinion that said motions should be granted in accordance with the provisions of G.S. § 6-21.5 upon the grounds raised in said motions and affidavit of Allan R. Gitter.

[I]t is . . . ORDERED that attorney's fees in the amount of $17,390.37 be paid by the plaintiffs to attorney Allan R. Gitter, attorney for defendants Ron Barker and Hartford Fire Insurance Company.

**[1]** Plaintiffs argue that the award of attorney's fees cannot be sustained on appeal because Judge Burke failed to make findings of fact and conclusions of law as required by N.C.G.S. § 6-21.5. Plaintiffs contend that since Judge Walker denied defendants' Rule 12(b)(6) motion to dismiss and thereby determined that plaintiffs' complaint stated a claim upon which relief could be granted, it was incumbent upon Judge Burke, in entering an award of attorney's fees, to make findings of fact to support the award.

In the order, Judge Burke holds that attorney's fees "should be granted in accordance with the provisions of G.S. § 6-21.5 upon the grounds raised in said motions and affidavit of Allan R. Gitter." The grounds stated in defendant's motion for attorney's fees are as follows:

NOW COMES defendant Ron Barker and . . . moves, pursuant to N.C.G.S. § 6-21.5 and N.C.G.S. § 75-16.1, for an award of a reasonable attorney's fee on the grounds that Superior Court Judge L. Todd Burke's entry of summary judgment against plaintiffs, having been affirmed by the North Carolina Court of Appeals on every single one of the plaintiffs' multiple grounds, and said opinion having been re-affirmed by the North Carolina Supreme Court's dismissal ex mero motu of plaintiffs' notice of appeal and dismissal of plaintiffs' petition for discretionary review, both dated August 24, 2000, clearly demonstrate that there was a complete absence of a justiciable issue of either law or fact raised by the losing party plaintiffs in their complaint, and that although the granting of summary judgment pursuant to Rule 56 is not in itself a sufficient reason for this court to award attorney's fees, such action by three (3) different courts (Superior, Court of Appeals, and Supreme Court) constitutes overwhelming evidence to support such an award.

In support of the motion for attorney's fees, defendant provided the trial court with the affidavit of defendants' attorney Allan R. Gitter.

The affidavit included forty-four pages of attorney billing statements indicating attorney's fees aggregating $17,390.37.

In *Mashburn v. First Investors Corp.*, 111 N.C. App. 398, 432 S.E.2d 869 (1993), plaintiff raised as an issue the trial court's failure to find facts as required by Rule 52 of the North Carolina Rules of Civil Procedure. This Court noted that the requirement that facts be specifically found is merely to provide a basis for appellate review. This Court reviewed the trial court's findings of fact, which were not specifically stated but were adopted from the parties' stipulations, and determined that the trial court's conclusion to award attorney's fees was adequately supported.

Here, in his order, Judge Burke adopted the grounds for an award of attorney's fees set forth in defendant's motion and in the billing statements attached to Allan R. Gitter's affidavit. Comprehensive review of the order, the motion, and the affidavit and its attachments provides sufficient findings of fact to support the award of attorney's fees. As a result, this assignment of error fails.

## II.

[2] Plaintiffs next contend that the trial court erred in finding that there was a complete absence of a justiciable issue of either law or fact in plaintiffs' action. Plaintiffs' argue that Judge Walker's denial of defendants' motion to dismiss is prima facie evidence that the case raised justiciable issues.

The mere fact that plaintiffs' complaint survived a Rule 12(b)(6) motion to dismiss is not determinative proof of justiciability. The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. *Brown v. Friday*, 119 N.C. App. 753, 755, 460 S.E.2d 356, 358 (1995). Here, Judge Walker examined the complaint to determine whether it was sufficient to survive dismissal. The trial court presumed the allegations in the complaint to be true and determined that plaintiffs' allegations raised some actionable claim. Judge Walker did not examine additional pleadings.

In *Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 400 S.E.2d 435 (1991), our Supreme Court considered the propriety of an award of attorney's fees. In that case the Court stated:

[I]t is . . . possible that a pleading which, when read alone sets forth a justiciable controversy, may, when read with a responsive pleading, no longer present a justiciable controversy . . . . Had

defendant failed to answer, the allegations in plaintiff's complaint would have been deemed admitted, and a default judgment would have been possible. *See* N.C.G.S. § 1A-1, Rules 8 and 55 (1990). Thus, until an answer was filed, plaintiff's complaint in this case did set forth a justiciable issue. However, when defendant's answer . . . was filed and served, it should have become apparent to plaintiff that . . . the complaint no longer contained a justiciable issue.

*Id.* at 258, 400 S.E.2d at 438. In deciding whether a party is entitled to attorney's fees under N.C.G.S. § 6-21.5, "the trial court is required to evaluate whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." *Sunamerica*, 328 N.C. at 258, 400 S.E.2d at 438.

Here, defendants, in their answer, denied the existence of a contract evidencing a relationship between Sheriff Barker and Horn, and affirmatively pled the defense of sovereign immunity. Furthermore, defendants argued that the action against Sheriff Barker is barred by sovereign immunity because plaintiffs did not affirmatively plead that Sheriff Barker purchased liability insurance.

After learning of these defenses, plaintiffs persisted in pursuing the litigation by propounding discovery and seeking admissions. Defendants filed a motion for summary judgment on all claims. Judge Burke granted defendants' motion for summary judgment on 26 October 1998. The insurmountable defenses raised by defendants "foreclosed any reasonable expectation of an affirmative recovery by plaintiffs." *Id.* at 259, 400 S.E.2d at 438. The non-existence of a justiciable issue in plaintiffs' suit is further evinced by Judge Burke's entry of summary judgment, this Court's decision affirming summary judgment, and the Supreme Court's dismissal of plaintiffs' appeal and denial of the petition for discretionary review. Accordingly, Judge Burke acted reasonably in concluding that there was a complete absence of a justiciable issue.

Plaintiffs also contend that this case presents a good faith argument for the extension of law as set forth by our Supreme Court in *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276 (1992). *See* N.C.G.S. § 6-21.5 (1999). In *Corum*, our Supreme Court held that "when there is a clash between . . . constitutional rights and sovereign immunity, the constitutional rights must prevail." *Corum*, 330 N.C. at 786, 413 S.E.2d at 292. Here plaintiffs argued that

their rights under Article I, Section 19 of the North Carolina Constitution, as well as their Fifth and Fourteenth Amendment rights, had been violated.

Careful review of the record, however, demonstrates the frivolity of plaintiffs' claims. In their motion for attorney's fees, defendants specifically asked the trial court to take judicial notice of the fact that plaintiffs' lawsuit was commenced by plaintiffs on the eve of the primary election for Sheriff, in which Sheriff Barker was a candidate. This finding is evidence of plaintiffs' bad faith and supports the trial court's decision to award attorney's fees. Plaintiffs' contention that their claims were in good faith and based on existing law fails.

In light of our determination that Judge Burke did not err in concluding that plaintiffs failed to raise justiciable issues and that plaintiffs' claims were brought in bad faith, we hold that the trial court did not err in granting Sheriff Barker's motion for an award of attorney's fees.

III.

[3] Plaintiffs' final assignment of error on appeal is that the trial court erred in awarding attorney's fees for that portion incurred by Sheriff Barker in preparing to argue and arguing the motion to dismiss heard on 20 August 1998. Plaintiffs contend that because defendants' motion was denied, defendants are not entitled to attorney's fees incurred up to that point in time.

Because statutes awarding an attorney's fee to the prevailing party are in derogation of the common law, N.C.G.S. § 6-21.5 must be strictly construed. *Sunamerica*, 328 N.C. at 257, 400 S.E.2d at 437. Here, we have determined that the trial court was correct in concluding that plaintiffs' failed to raise justiciable issues. Judge Walker's determination that the complaint was facially valid does not equate to a finding of justiciability. Accordingly, we hold that the ultimate determination, made by the trial court and affirmed by this Court, that plaintiffs failed to raise any justiciable issue entitles defendant Sheriff Barker to the full amount of attorney's fees awarded by the court below.

Affirmed.

Judges MARTIN and BIGGS concur.