DEPARTMENT OF TRANSPORTATION, Plaintiff v. JOE S. BYERLY and wife, BETSY BYERLY, Defendants

No. COA01-1531

(Filed 3 December 2002)

### 1. Appeal and Error— appealability—interlocutory order— condemnation hearing—business damages

Although defendants contend the State was required to compensate them for damages to their business based on a condemnation proceeding, this claim is an appeal from an interlocutory order because: (1) N.C.G.S. § 136-108 hearings do not finally resolve all issues when the issue of damages is to be determined later in a jury trial; and (2) defendants are not faced with the possibility of inconsistent verdicts when one jury will hear evidence to determine just compensation in accordance with the law as it now stands, and if defendants are successful in their appeal, another jury will hear completely different evidence regarding business damages and will determine just compensation based upon that evidence only.

### 2. Adverse Possession— condemnation proceeding—findings of fact

The trial court erred in a condemnation case by concluding that defendants failed to establish a claim of adverse possession to a tract adjoining their condemned property and this case is remanded for additional and adequate findings of fact, because: (1) the trial court issued one mixed finding of fact and conclusion of law regarding defendant's adverse possession claim; and (2) N.C.G.S. § 1A-1, Rule 52(a)(1) requires the court to find the facts specially and state separately its conclusions of law thereon.

Judge Greene dissenting.

Appeal by defendants from order entered 17 May 2001 by Judge Catherine C. Eagles, Superior Court, Guilford County. Heard in the Court of Appeals 8 October 2002.

*Brooks, Pierce, McLendon, Humphrey and Leonard, L.L.P.*, by
*George W. House* and *Brian J. McMillan* for defendants-
appellants.

*Attorney General Roy Cooper*, by *Assistant Attorney General
David R. Minges* and *Hilda Burnett-Baker* for plaintiff-
appellee.

WYNN, Judge.

In this appeal from a condemnation order, defendants present
two issues: (I) Did the trial court err by concluding that defendants
failed to establish a claim of adverse possession to a tract adjoining
their condemned property?; and (II) Did the trial court err by failing
to classify the going concern value and/or goodwill of defendants'
business as property taken or damaged by the Department of
Transportation? We hold that the trial court's mixed findings of fact
and conclusion of law fail to provide an adequate basis for the review
of whether there was sufficient evidence to establish a claim of
adverse possession. Accordingly, we remand this case for adequate
findings of fact and conclusions of law in which to assess defendants'
adverse possession claim; and, we dismiss defendants' second issue
as interlocutory.

The underlying facts of this matter tend to show that in 1998, the
North Carolina Department of Transportation (DOT) commenced
condemnation proceedings against defendants' property and building
for construction of the Greensboro Urban Loop. DOT estimated just
compensation as $1,817,850, whereas defendants estimated the
amount to be more than $5,000,000. Defendants contend the property
was uniquely well-suited for their family antique business and that
there were not any other suitable locations for relocation. Therefore,
defendants argued lost profits and the damage to the going concern
value and/or goodwill of the business should be included in the just
compensation figure. The trial court rejected their argument.

Defendants also claimed ownership of an adjoining tract of land
condemned by DOT. In 1958, defendants' predecessors in interest
relocated their antique business to land near I-85. In 1975, defendants
began using an adjacent 0.4 acre tract for additional parking and con-
tinued this use until the property was condemned in 1999. In addition
to defendants' gravel parking lot, a billboard was located on the land
which was used by another entity for the entire period the defendants
used the land for a parking lot. During the condemnation proceed-

ings, defendants claimed they owned the adjacent tract by adverse possession. However, the trial court found that defendants use of the 0.4 acre tract had been neither exclusive nor hostile and, therefore, rejected defendants' claim of title by adverse possession. Defendants appeal.

[1] Initially, we address, *sua sponte*, the interlocutory nature of defendants' North Carolina constitutional argument that the state is required to compensate them for damage to their business. Pursuant to N.C. Gen. Stat. § 136-108, upon motion, the trial court in a condemnation proceeding is to "hear and determine any and all issues raised by the pleadings other than the issue of damages . . .," with the damages issue to be determined later in a jury trial. Because G.S. 136-108 hearings do not finally resolve all issues, an appeal from a trial court's order rendered in such hearings is interlocutory.

N.C. Gen. Stat. § 136-119 provides that "either party shall have a right to appeal to the Supreme Court for errors of law committed in any proceedings provided for in this Article in the same manner as in any other civil actions." Defendants contend this Court should grant an interlocutory appeal because they have a substantial right in avoiding the possibility of two trials on the issue of just compensation, which would be the result if the Court dismisses this appeal and they are forced to appeal the business damages issue after final resolution of just compensation in the trial court. We disagree.

"Ordinarily the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." *Turner v. Norfolk Southern Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666 (2000). Defendants are not faced with this situation.

In this case, the trial court found defendants were not entitled to recover for business damages under the law as interpreted by the Supreme Court of North Carolina. Defendants' argument on appeal is aimed at persuading this Court to change the law such that business damages would be recoverable. Only if defendants are successful in their appeal would they be able to recover business damages.

Defendants are not faced with the possibility of inconsistent verdicts. In this case, one jury will hear evidence to determine just compensation in accordance with the law as it now stands. After final

judgment is rendered, if defendants are successful in their appeal, a jury will hear completely different evidence regarding business damages and will determine just compensation based upon that evidence only. Accordingly, we find defendants' arguments regarding the inclusion of business damages in a just compensation award is interlocutory.

[2] Next, we address defendants' concerns regarding the trial court's finding that they do not own an adjoining tract of land via adverse possession. Initially we note defendants' claim of ownership of the 0.4 acre triangular tract via adverse possession may be addressed in a N.C. Gen. Stat. § 136-108 condemnation hearing.[1] *See Department of Transportation v. Wolfe*, 116 N.C. App. 655, 449 S.E.2d 11, 12 (1994). In hearings pursuant to N.C. Gen. Stat. § 136-108, the trial court, after resolving any motions and preliminary matters, conducts a bench trial on the disputed issues except for damages. *See Taylor v. North Carolina Department of Transportation*, 86 N.C. App. 299, 302, 357 S.E.2d 439, 440 (1987) (parties conceded the trial court properly conducted a non-jury 136-108 hearing); *Ramsey v. Department of Transportation and Highway Safety*, 67 N.C. App. 716, 313 S.E.2d 909 (1984) (discussing why the trial judge, sitting as a jury, properly denied defendant's motion to dismiss at the close of all evidence). Accordingly, the trial judge must make adequate findings of fact which support the conclusions of law. *See* N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2001).

In this case, the trial court's order contained only one mixed finding of fact and conclusion of law regarding defendants' adverse possession claim:

> That Joe Byerly's parents began using part of the .401 acre triangular tract between Wiley Davis Road, the right-of-way line of Interstate 85, and the Byerly property in 1975 for additional parking for their business, Byerly Antiques. Around 1980 Joe Byerly began landscaping efforts in part of the tract and placed gravel in the parking area. For almost all of the time since at least 1980, there has been a large billboard on the property facing I-85. The billboard is not owned by the Byerlys and has been maintained

---

1. N.C. Gen. Stat. § 136-108 states "[a]fter the filing of the plat, the judge, upon motion and 10 days notice by either the Department of Transportation or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken."

and used by others without permission from the Byerlys. The Defendants have failed to establish adverse possession to the disputed .401 acreage area shown on the Court plat. The Byerlys have not shown exclusive and hostile possession of a tract with known and visible boundaries for the necessary time period and do not own the .401 acre tract by adverse possession.

N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2001) provides "in all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." On appeal, this Court's task in reviewing the decision in a nonjury trial is to determine "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Pineda-Lopez v. North Carolina Growers Association, Inc.*, 151 N.C. App. 587, 589, 566 S.E.2d 162, 164 (2002).

In this case, the trial court issued one mixed finding of fact and conclusion of law regarding defendant's adverse possession claim, which not only fails to comply with Rule 52(a)(1), but also forms an inadequate basis for this Court to conduct a review and assess appellant's contentions.[2] Accordingly, we remand this case to the trial court for additional and adequate findings of fact and conclusions of law, compliant with Rule 52(a)(1).

Remanded in part; dismissed in part.

Judge McGEE concurs.

Judge GREENE dissents.

GREENE, Judge, dissenting in part.

While I concur in the majority opinion as to the issue of defendants' business damages, I disagree that the trial court's "mixed finding of fact and conclusion of law . . . forms an inadequate basis for this Court to conduct a review and assess appellants' contentions."

---

2. The dissent acknowledges the trial court's findings and conclusion are commingled; but yet, finds they are clear enough for meaningful judicial review. The dissent, however, fails to address the mandate of N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) requiring the court to "find the facts specially and state separately its conclusions of law thereon . . ."

**DEPARTMENT OF TRANSP. v. BYERLY**

[154 N.C. App. 454 (2002)]

A trial court's duty pursuant to N.C. Gen. Stat. § 1A-1, Rule 52 to find facts and state its conclusions separately "merely [serves] to provide a basis for appellate review." *Winston-Salem Wrecker Ass'n v. Barker*, 148 N.C. App. 114, 119, 557 S.E.2d 614, 618 (2001) (citing *Mashburn v. First Investors Corp.*, 111 N.C. App. 398, 432 S.E.2d 869 (1993)). The appellate review this Court must be able to conduct consists of a determination of whether (1) the trial court's findings of fact are supported by competent evidence and (2) the trial court's conclusions of law are supported by its findings of fact. *Creech v. Ranmar Props.*, 146 N.C. App. 97, 100, 551 S.E.2d 224, 227 (2001), *cert. denied*, 356 N.C. 160, 568 S.E.2d 191 (2002).

In this case, the trial court found defendants had used part of the 0.4 acre tract they claimed by adverse possession as a parking lot. The trial court further found that "since at least 1980, there ha[d] been a large billboard on the property facing I-85. The billboard [was] not owned by [defendants] and ha[d] been maintained and used by others without permission from [defendants]." Based on these findings, the trial court concluded defendants had failed to show exclusive and hostile possession of the disputed property and therefore could not establish adverse possession to any portion of the 0.4 acre tract.

Because the trial court's findings and conclusion, although commingled, are clear, they do not foreclose meaningful judicial review and should therefore be considered by this Court. *See Barker*, 148 N.C. App. at 119, 557 S.E.2d at 618. Because, however, the trial court's conclusion is not supported by its findings, I would reverse and remand the issue of adverse possession. The billboard, the existence of which was determinative to the trial court in reaching its conclusion, occupied only a portion of the tract claimed by defendants, leaving the trial court to consider whether defendants could assert a right by adverse possession to the remaining portion of the tract. As the trial court failed to do so, this case must be remanded for a determination of whether defendants have a right by adverse possession to the remaining portion of the tract.