I agree with the majority's holding in this case with the exception of Conclusion of Law No. 8. Section 97-88 states in pertinent part:
 "If the Industrial Commission at a hearing on review of any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by an insurer and the Commission or court by its decision order the insurer to make, or to continue to payment of benefits to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fees to be determined by the Commission shall be paid by the insurer as a part of the bill of costs." [Emphasis added.]
I agree with the majority that the appeal from the deputy commissioner Opinion and Award to the Full Commission was without significant merit and that the injured employee was entitled to prevail and be awarded compensation benefits as stated in the majority opinion. I, however, find that the there is no evidence concerning the "cost to the injured employee of such hearing or proceeding including therein reasonable attorney's fees" to support an award under Section 97-88.
Section 97-88 does not give the Commission discretionary authority to award attorney's fees without inquiry as to "the cost to the injured employee." Rather, the intent of Section 97-88 is to protect the injured employee by making him whole should he incur additional cost (including attorney's fees) from an appeal that was unsuccessfully brought by the insurer. In contrast to Section 97-88.1, Section 97-88 requires the Commission to determine the "cost to the injured employee." The award of attorney's fees and other expenses is specifically couched in these terms and, therefore, the Commission is bound by this express legislative intent.
The "American Rule" does not allow a prevailing litigant to recover an attorney fee from the losing litigant. Dobbs, Awarding Attorney FeesAgainst Adversaries: Introducing the Problem, 1986 Duke L.J. 435, 435 (1986); see SunAmerica Financial Corp. v. Bonham, 328 N.C. 254,400 S.E.2d 435 (1991); Winston-Salem Wrecker Assoc. v. Barker,148 N.C. App. 114, 557 S.E.2d 614 (2001). By statute, however, courts may be given authority to award the attorney's fees of one party to be paid by another party. Because such statutes are in derogation of the common law, they must be strictly construed. SunAmerica Financial Corp.,328 N.C. at 257; Winston-Salem Wrecker Assoc., 141 N.C. App. at 121. Contrary to the majority's order, Section 97-88 does not allow an award of attorney's fees for the prevailing party against the losing party, nor does the statute provide for additional compensation to the employee's counsel. Thus, the award of fees under the limited "evidence" presented in this case violates the statute as well as case law principles of statutory interpretation. The statute requires the Commission to determine "the cost to the injured employee" (not the time expended by his counsel) to make the injured employee whole (not to reward plaintiff's counsel with an additional recovery beyond the fees awarded from his client's recovery).
Unlike Section 97-88.1, Section 97-88 does not expressly provide for award of attorney's fees for the employee's counsel. Section 97-88 does not create a new element of damages; the employer or carrier are not sanctioned for exercising their right to appeal to the Appellate Division. Instead, the statute allows the Commission to award costs in order to protect the injured employee's benefits from additional costs and expenses when the employer/insurer is unsuccessful in the appeal.
The $5,000.00 awarded in this case is a large sum to be paid in addition to the awarded benefits. This sum is awarded without explaining the basis for the award in light of the controlling statute and without having evidence necessary to access the employee's costs under § 97-88. The award is thus arbitrary and capricious. The cost to the employee from the appeal may be more, or it may be less, than the sum awarded by the majority. Without evidence of the additional "cost to the injured employee," there is no means to determine the appropriateness of the award. In determining this issue, the Commission should be presented with evidence of additional attorney's fees and/or expenses that the plaintiff has incurred as a result of the defendants' conduct in appealing the deputy commissioner's decision to the Full Commission.
The majority's order further fails to clearly resolve the question of whether the awarded sum is the property of the plaintiff, his attorney, or is subject to the contingency fee agreement between them. (And, if $5,000.00 is a reasonable sum for the counsel's services, why is he also receiving 25% of plaintiff's benefits?) As Section 97-88 speaks in terms of "cost to the employee," it does not appear that this sum belongs to plaintiff's counsel, at least not in its entirety.[1] Again, Section 97-88
does not speak of additional fees to plaintiff's counsel, but allows the injured employee to recover additional costs (including attorney's fees) incurred because of the hearing or proceeding.
Motions for § 97-88 fees and the Commission's sua sponte award of fees have traditionally been limited to $500.00 to $1,000.00 for review by the Full Commission, primarily taking into account attorney time and expense involved in traveling to the hearing. Those orders were relatively rare and largely unchallenged because of the fairly nominal sum involved. More recently, however, the Commission is receiving motions for fees, particularly following appeals to the Court of Appeals, for up to $10,000 and more. Without standards for awarding attorney's fees in accordance with the Act, these awards are purely arbitrary.
I also disagree with majority's assessment of the amount of a reasonable attorney's fee in this case. There is no rhyme or reason to the $5,000.00 figure. And, moreover, this figure is not only not based on the "cost to the injured employee," if it is paid to plaintiff's counsel as additional fees it would not in fact reduce plaintiff's costs.
The deputy commissioner awarded fees under Section 97-88.1 for stubborn and unfounded litigiousness. Under the circumstances of the evidence presented to the Full Commission in this case, I would be more inclined to approve an award of § 97-88.1 fees than to blindly award § 97-88
fees without consideration of the statutory requirement to consider the "cost to the injured employee."
For these reasons, I would request that the parties present pertinent evidence to allow the Commission to determine the "cost to the injured employee" in this case. It is clear error for the Commission to award fees to plaintiff's counsel merely because plaintiff was the prevailing party. Further, if the intent of the majority's opinion is to award the fees to plaintiff's counsel, that action would hardly meet the statutory intent of § 97-88 to reduce the cost to the employee.
For the foregoing reasons, I respectfully dissent.
This ___ day of March, 2003.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
[1] When, as in this case, plaintiff's counsel has a contingency agreement to receive a percentage of plaintiff's benefits, it would be reasonable to allow counsel to receive his contingency recovery on all benefits, including those awarded under Section 97-88. For example, if the appropriate recovery under Section 97-88 is $5,000.00 and the plaintiff has a 25% contingency agreement and that percentage has been approved by the Commission, then plaintiff should receive $3,750.00 [$5,000.00 X 75%] and his attorney should receive $1250.00 [$5,000.00 X 25%]. This practice would balance the fact that Section 97-88 is intended to protect the benefits of the injured employee and does not directly provide a recovery for plaintiff's counsel, with the contractual rights of plaintiff's counsel to obtain a percentage of the recovery that they obtain for their client. Further, this practice would provide an incentive for plaintiff's counsel to seek the Section 97-88 benefits for the client and is consistent with the generally accepted method of dividing attorney's fees when the parties have a contingency fee agreement and there is the ability to separately recover attorney's fees as an element of damage. To allow plaintiff's counsel to recover his 25% attorney's fees on the Section 97-29, 97-30 and/or 97-31 benefits and then keep the entire 97-88 award would award plaintiff's counsel with a double recovery and be contrary to the express intent of Section 97-88 to reduce the "cost to the injured employee."