TYSON, Judge.
 

 Alan R. Stafford and Katherine L. Stafford (collectively, "defendants") appeal from an order granting partial summary judgment in favor of the City of Concord ("the City"). We dismiss defendants' appeal as interlocutory and deny defendants' petition for
 
 writ of certiorari.
 

 I. Background
 

 Defendants own a medical office building at 120 Lake Concord Road, Concord, North Carolina, which was leased to Cabarrus Memorial Hospital, now Northeast Medical Center.
 

 In December 1998, Rust Engineering completed a study ("1998study") to develop "A Master Plan for Roadway Improvements" for several streets in Concord, including Lake Concord Road. The 1998 study did not find a need for traffic medians on Lake Concord Road. In May 2000, Kimley-Horn and Associates completed a second study ("2000 study"), which focused solely on Lake Concord Road. The 2000 study concluded that "the rate and severity of accidents is expected to increase as a function of congestion along the Lake Concord corridor."
 

 Following receipt of the 2000 study, the City initiated efforts to widen Lake Concord Road from two lanes to four lanes. The City brought an action to condemn a 0.285 acre strip of defendants' property to accomplish this project. The City deposited the sum of $6,675.00 with the Cabarrus County Clerk of Court as its estimate of just compensation.
 

 A median separating the northbound and southbound lanes was constructed in front of defendants' property, limiting but not excluding, access to the northbound lane. Defendants rejected the deposit as insufficient damages due to a substantial diminution in their property's value caused by construction of the median. Defendants moved for partial summary judgment on the issue of whether they are entitled to compensation for diminution in value caused by the median. In support of their motion, defendants filed an affidavit of Appraiser Donald Spake ("Spake"). Spake opined the median reduced the property's value from $703,000.00 before the taking to $599,110.00 after the taking, which equaled $103,890.00 for the total right-of-way acquisition.
 

 The trial court denied defendants' motion and granted the City partial summary judgment. The court concluded the median "is an obvious safety device clearly calculated to reduce traffic hazards," and "is a valid traffic regulation adopted in exercise of the police power . . . and is not compensable." Defendants appeal.
 

 II. Issues
 

 The issues presented are: (1) whether defendants' appeal of the trial court's award of partial summary judgment is interlocutory; and, if so, (2) whether defendant's petition for
 
 writ of certiorari
 
 should be allowed.
 

 III. Interlocutory Appeal
 

 We address,
 
 sua sponte,
 
 the interlocutory nature of defendants' appeal. The City filed this action to condemn a portion of defendants' property pursuant to its authority under N.C. Gen. Stat. § 40A-3(b). Upon motion, the trial court in a condemnation proceeding is to "hear and determine any and all issues raised by the pleadings other than the issue of damages . . . ."
 
 N.C. Gen. Stat. § 136-108
 
 (2003). The issue of damages is to be determined by the jury.
 
 Department of Transp. v. Byerly,
 

 154 N.C. App. 454
 
 , 456,
 
 573 S.E.2d 522
 
 , 523 (2002). "Because G.S. 136-108 hearings do not finally resolve all issues, an appeal from a trial court's order rendered in such hearings is interlocutory."
 

 Id.
 

 "Generally, there is no right of immediate appeal from interlocutory orders and judgments."
 
 Sharpe v. Worland,
 

 351 N.C. 159
 
 , 161,
 
 522 S.E.2d 577
 
 , 578 (1999) (citing
 
 Travco Hotels v. Piedmont Natural Gas Co.,
 

 332 N.C. 288
 
 , 291,
 
 420 S.E.2d 426
 
 , 428(1992)).
 

 N.C. Gen. Stat. § 1A-1, Rule 54(b) provides for review of interlocutory orders and judgments "when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay."
 
 Sharpe,
 

 351 N.C. at 162
 
 ,
 
 522 S.E.2d at
 
 579 (citing
 
 DKH Corp. v. Rankin-Patterson Oil Co.,
 

 348 N.C. 583
 
 , 585,
 
 500 S.E.2d 666
 
 , 668 (1998)). Here, the trial court did not issue a Rule 54(b) certification that there is "no just reason for delay." N.C. Gen. Stat. § 1A-1, Rule 54(b).
 

 Immediate appeal may also be taken where the interlocutory order "affects a substantial right claimed in any action or proceeding."
 
 N.C. Gen. Stat. § 1-277
 
 (2003). A two-part test has developed in determining whether the order affects a substantial right.
 
 Sharpe,
 

 351 N.C. at 162
 
 ,
 
 522 S.E.2d at 579
 
 . "[T]he right itself must be substantial and the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment."
 

 Id.
 

 (quoting
 
 Goldston v. American Motors Corp.,
 

 326 N.C. 723
 
 , 726,
 
 392 S.E.2d 735
 
 , 736 (1990)). The order granting partial summary judgment to plaintiff does not affect defendants' substantial right to the extent that it cannot be preserved and addressed upon an appeal from the final judgment entered.
 

 Because defendants failed to obtain a Rule 54(b) certification from the trial court and the order does not affect a substantial right that cannot be addressed after entry of a final judgment, wedecline to consider the merits of defendants' assignments of error.
 

 IV. Writ of Certiorari
 

 Defendants also petitioned this Court to grant a
 
 writ of certiorari
 
 should we dismiss this appeal. Defendants' petition contends that the trial court's award of partial summary judgment "decided the major issue in the case . . . [and a] trial on this issue would require appraisals costing far in excess of [the City's deposit]." Defendants, however, moved for summary judgment solely on the issue of whether they were entitled to compensation for diminution in value caused by the median. Neither party has stipulated to the amount of damages owed for the taking. The issue of defendants' damages remains a question to be properly submitted to a jury.
 

 Defendants may assign error to the trial court's award of partial summary judgment following entry of a final judgment.
 
 See Piedmont Triad Reg'l Water Authority v. Unger,
 

 154 N.C. App. 589
 
 ,
 
 572 S.E.2d 832
 
 (2002),
 
 disc. rev. denied,
 

 357 N.C. 165
 
 ,
 
 580 S.E.2d 695
 
 (2003). We decline to grant defendants' petition for
 
 writ of certiorari.
 

 V. Conclusion
 

 Defendants' appeal of the trial court's order granting plaintiff partial summary judgment is interlocutory. This appeal is dismissed. Defendants' petition for
 
 writ of certiorari
 
 is denied.
 

 Appeal Dismissed; Petition Denied.
 

 Judges MCGEE and ELMORE concur.
 

 Report per Rule 30(e).