THE CITY OF CHARLOTTE, A MUNICIPAL CORPORATION, PLAINTIFFP V. CAMMIE KATHLEEN
WILLIAMS, AND SPOUSE, TIM WILLIAMS, MOSES LUSKI, TRUSTEE, TRACKAR, INC.,
ASSIGNEE, ERNEST DEHNERT, SUBSTITUTE TRUSTEE, BRANCH BANKING & TRUST
COMPANY, BENEFICIARY, FRANK KNOX, SUBSTITUTE TRUSTEE, MECKLENBURG
COUNTY TAX COLLECTOR, AND ANY OTHER PARTIES IN INTEREST, DEFENDANTS

No. COA10-715

(Filed 1 March 2011)

**1. Appeal and Error— interlocutory orders and appeals—
condemnation proceeding—substantial right affected**

Plaintiff's appeal from the trial court's interlocutory order
regarding her claim for adverse possession in a condemnation
proceeding affected a substantial right and was immediately
appealable.

**2. Cities and Towns— condemnation proceedings—adverse
possession—inadequate findings and conclusions**

The trial court erred in a condemnation proceeding by failing
to make adequate findings and conclusions regarding plaintiff's
adverse possession claim following its hearing on her motion.

Appeal by Defendant Cammie Kathleen Williams from order
entered 21 December 2009 by Judge W. Robert Bell in Mecklenburg
County Superior Court. Heard in the Court of Appeals 13 January
2011.

*Office of the City Attorney, by Gretchen R. Nelli and Chris
Clare, for Plaintiff.*

*The Odom Firm, PLLC, by David W. Murray and Thomas L.
Odom, Jr., for Defendant Cammie Kathleen Williams.*

STEPHENS, Judge.

In this condemnation action, Plaintiff the City of Charlotte took a
portion of Defendant Cammie Kathleen Williams' property for part of
a road project. On 9 January 2008, the City filed a complaint, declaration
of taking, and notice of deposit and service of plat. On 20 March 2008,
Defendants Cammie Kathleen Williams and Tim Williams filed an
answer and constitutional defenses, and on 13 August 2009, they filed
an amended answer by written consent of the City. On 31 August
2009, Defendant filed a motion for determination of issues other than
damages and to compel an amended plat. Following a 2 December

2009 hearing on the motion, on 21 December 2009, the trial court denied Defendant's motion. Defendant appeals and brings forward three arguments: that the trial court erred in failing to (I) comply with the requirements of N.C. Gen. Stat. § 136-108; (II) determine that she had established adverse possession of certain property; and (III) compel a revised plat of her property. As discussed herein, we agree with Defendant's first argument and remand to the trial court for entry of findings and conclusions. We do not address Defendant's remaining arguments.

The City took a corner of Defendant's property at 216 Stetson Drive ("the property") that included part of a paved parking lot which exists on Defendant's property and extends onto the adjacent property. The condemnation action was filed on 9 January 2008; by deed dated 12 December 2008 and filed on 15 December 2008, Defendant conveyed the property in fee simple to Lake Creek Commercial, LLC. The deed conveying the property included a metes and bounds description "LESS AND EXCEPT" the property condemned and recorded by the City. Defendant did not file her motion for determination of issues other than damages and to compel an amended plat in the condemnation action until 31 August 2009, more than eight months following her sale of the property. In her motion, Defendant claimed adverse possession of a strip of land on an adjacent property onto which the paved parking lot of the property extended. In the 21 December 2009 order it entered on Defendant's motion, without making any findings of fact or conclusions of law, the trial court ruled that:

1. Defendant's Motion pursuant to N.C. Gen. Stat. § 136-108 as to the adverse possession claim of [] Defendant[] has been Denied.

2. Defendant's Motion to Compel revised plat from [] Plaintiff has been Denied.

*Grounds for Appellate Review*

[1] At the outset, we note that Defendant's appeal is interlocutory. Our Supreme Court has held that

[i]nterlocutory orders may be appealed immediately under two circumstances. The first is when the trial court certifies no just reason exists to delay the appeal after a final judgment as to fewer than all the claims or parties in the action. The second is when the appeal involves a substantial right of the appellant and the appellant will be injured if the error is not corrected before final judgment.

*N.C. Dep't. of Trans. v. Stagecoach Village*, 360 N.C. 46, 47-48, 619 S.E.2d 495, 496 (2005) (internal citations omitted). Here, there was no Rule 54(b) certification by the trial court. However, in condemnation proceedings, "interlocutory orders concerning title or area taken must be immediately appealed as vital preliminary issues involving substantial rights adversely affected." *Id.* at 48, 619 S.E.2d at 496 (quotation marks and citations omitted).

> One of the purposes of G.S. 136-108 is to eliminate from the jury trial any question as to what land the [government entity] is condemning and any question as to its title. Therefore, should there be a fundamental error in the judgment resolving these vital preliminary issues, ordinary prudence requires an immediate appeal, for that is the proper method to obtain relief from legal errors.

*N.C. State Highway Com. v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967). Because Defendant appeals from an order regarding her claim of adverse possession, which involves title, a vital preliminary issue in this condemnation proceeding, her interlocutory appeal is properly before us.

### Analysis

[2] Defendant first argues that the trial court erred in failing to comply with the requirements of N.C. Gen. Stat. § 136-108. We agree.

A "claim of ownership . . . via adverse possession may be addressed in a N.C. Gen. Stat. § 136-108 condemnation hearing." *N.C. Dep't. of Trans. v. Byerly*, 154 N.C. App. 454, 457, 573 S.E.2d 522, 524 (2002) (citation omitted). In condemnation proceedings, section 136-108 provides:

> After the filing of the plat, the judge, upon motion and 10 days' notice by either the Department of Transportation or the owner, *shall*, either in or out of term, *hear and determine any and all issues raised by the pleadings other than the issue of damages*, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken.

N.C. Gen. Stat. § 136-108 (2009) (emphasis added). "In hearings pursuant to N.C. Gen. Stat. § 136-108, the trial court, after resolving any motions and preliminary matters, conducts a bench trial on the disputed issues except for damages." *Byerly*, 154 N.C. App. at 457, 573 S.E.2d at 524 (citations omitted). In such a determination pro-

ceeding, "the trial judge must make adequate findings of fact which support the conclusions of law." *Id.* (citing N.C. Gen. Stat. § 1A-1, Rule 52(a)(1)). Defendant asserts that the trial court erred in failing to make adequate findings and conclusions regarding her adverse possession claim following its hearing on her motion. In *Byerly*, "the trial court issued one mixed finding of fact and conclusion of law regarding [the] defendant's adverse possession claim, which not only fails to comply with Rule 52(a)(1), but also forms an inadequate basis for this Court to conduct a review and assess appellant's contentions." *Id.* at 458, 573 S.E.2d at 524-25. Thus, we remanded *Byerly* to the trial court for additional and adequate findings of fact and conclusions of law, pursuant to Rule 52(a)(1). *Id.* at 458, 573 S.E.2d at 525.

Likewise, here, in her 31 August 2009 motion, Defendant asserted adverse possession related to the property and the condemnation action, a proper claim in a motion under section 136-108. On 2 December 2009, the trial court held a hearing pursuant to section 136-108. As such, it was required by statute and case law to resolve the issues raised by Defendant's motion and to make adequate findings and conclusions in support thereof. However, the order denying Defendant's motion contains no findings or conclusions; it merely denies the motion without explanation. This not only violates the requirements of section 136-108 and Rule 52(a)(1), it forms an inadequate basis for this Court to conduct any type of appellate review of the merits of Defendant's adverse possession claim. Thus, we are unable to address Defendant's remaining arguments on appeal. We express no opinion as to the validity of Defendant's adverse possession claim or the counter-arguments made by the City, but instead remand the matter to the trial court for entry of a new order containing adequate findings of fact and conclusions of law.

Remanded.

Judges GEER and HUNTER, JR., concur.